## MORRISON vs. THE STATE OF GEORGIA.

1. When a *certiorari* to the decision of a county judge in a criminal case is sought, it must affirmatively appear that the petition, duly sanctioned, was filed in the clerk's office within ten days from the trial, otherwise the *certiorari* will be dismissed.

2. The act of 1868 provided, in the sixth section thereof, " that no writ of *certiorari* shall be granted unless the accused shall first have filed his affidavit setting forth that he is informed and believes that he has not had a fair trial, and that he has been wrongly and illegally convicted." The act of 1872 provided "that no application for *certiorari*, however, in a criminal case shall be entertained unless the party applying will make the affidavit set down in section 6 of the act of 1868, as follows: " That no writ," etc., in the same language as that above quoted, except that the words " is informed and believes that he" were omitted, leaving the affidavit without such qualifying clause:

*Held*, that the act of 1872 is the latest expression of the legislative will, and since its passage an affidavit on information and belief is not sufficient.

*Certiorari.* Criminal law. Laws. Before Judge LAW-SON. Morgan Superior Court. September Term, 1879.

Reported in the decision.

J. A. BILLUPS; CALVIN GEORGE; McHENRY & McHENRY, for plaintiff in error.

ROBERT WHITFIELD, solicitor-general; H. W. BALDWIN, county solicitor; JACKSON & LUMPKIN; F. C. FOSTER, for the state.

WARNER, Chief Justice.

This case came before the court below on a *certiorari* to the county court of Morgan county, in a criminal case. When the case was called in the superior court for a hearing, a motion was made to dismiss it on the grounds therein stated, which motion the court sustained, and passed a general judgment dismissing the *certiorari.* Whereupon the plaintiff in *certiorari* excepted.

1. It appears from the record that the trial was had on the 5th of April, 1879—the *certiorari* was sanctioned on the 12th of April, 1879. The writ of *certiorari* was issued by the clerk on the 26th of April, 1879, but it does not appear at what time the petition for *certiorari*, with the judge's sanction thereon, was filed in the clerk's office, which the law requires should be done in ten days after the trial, that being the commencement of the suit, and that fact should be affirmatively shown by the record. Code, §301; 60 *Ga.,* 632; *Fuller vs. Arnold,* decided at the present term, not yet reported.

2. The plaintiff in his affidavit to obtain the *certiorari*, stated that he was advised and believed "that he has not had a fair trial, and that he had been wrongfully and illegally convicted." Whereas, the 302nd section of the Code requires an affidavit setting forth "that he has not had a fair trial, and that he has been wrongly and illegally convicted." But it is said this section of the Code has been improperly codified and is not the law; that the true law is to be found in the 6th section of the act of 1868, and that the affidavit made by the plaintiff is in accordance therewith. It is true that the act of 1872 declares that no application for *certiorari*, however, in a criminal case shall be entertained unless the party applying will make the affidavit set down in section 6 of the act of 1868, as follows: "That no writ of *certiorari* shall be granted, unless the accused shall first have filed his affidavit, setting forth that he has not had a fair trial, and that he has been wrongly and ille-

gally convicted," which has been inserted in the Code, and the question is whether the act of 1868 contains the true law as to the affidavit required, or the act of 1872? The act of 1872 does not declare that the affidavit shall contain the same words as in the act of 1868, but on the contrary, it shall contain the words as follows, which are to be found in the enacting clause of that statute, and are different from those found in the act of 1868. In our judgment, the act of 1872 being the latest expression of the legislative will as to what the affidavit to obtain a *certiorari* in a criminal case should contain, is the true law applicable thereto. There was no error in dismissing the plaintiff's *certiorari*.

Let the judgment of the court below be affirmed.