## Case No. 16,723.

### UNITED STATES v. WILLIAMS et al.

[1 Paine, 261.] [1]

Circuit Court, D. Connecticut. April Term, 1814.

TARIFF ACTS—WHEN LAW TAKES EFFECT.

1. An act laying duties on goods imported. "from and after the passage of the act," takes effect the beginning of the day on which it is passed. and not from the time of its being signed by the president.

[Disapproved in Salmon v. Burgess, Case No. 12.262. Cited in Smith v. Draper, Id. 13,-037; American Wood-Paper Co. v. Glen's Falls Paper Co., Id. 321a.]

[Cited in brief in Kennedy v. Palmer, 6 Grey, 316.]

2. But, in case of a prosecution for a forfeiture? Quere.

[Error to the district court of the United States for the district of Connecticut.]

At law.

H. Huntington, Dist. Atty., for appellants.
S. J. Hosmer, for respondents.

LIVINGSTON, Circuit Justice. The declaration is in debt on a bond dated the 1st of July, 1812, which the defendants executed to the United States of America, in the penal sum of four thousand four hundred dollars— the condition of which was, that the same should be void, if they or either of them, on or before the first day of October, then next, paid to the collector of the customs, for the district of New-London, for the time being, two thousand two hundred dollars, or the

[1] [Reported by Elijah Paine, Jr., Esq.]

amount of the duties to be ascertained as due, and arising on certain goods entered by them, as imported in the brig Lydia, from St. Bartholomews, as per entry, dated the 1st July, 1812. The defendants pleaded, that at eight o'clock in the forenoon of the said 1st day of July, 1812, the brig Lydia arrived at a wharf in New-London, and that at the same time, she and her cargo were duly entered at the custom-house there; that the single duties on her cargo amounted to two thousand three hundred and six dollars ninety-two cents, for the security of one-half whereof, amounting to one thousand one hundred and fifty-three dollars forty-six cents, the said bond was given pursuant to law; and on the same day the defendants executed their bond for the payment of the other half of said duties in six months; that the law imposing an additional duty of one hundred per cent. was passed at Washington, and received the president's approbation on the said 1st day of July, 1812 [2 Stat. 768]. As to the said sum of one thousand one hundred and fifty-three dollars and forty-six cents, they plead a tender and refusal on the day when it became payable— and pray judgment, whether the United States ought to have judgment, &c. The United States demur, and the defendants join in demurrer. On these pleadings judgment was rendered by the district court in favour of the defendants [case unreported], and from this judgment an appeal has been prosecuted to this court.

Whatever other points may be presented by the pleadings in the cause, one only having been argued and brought to the consideration of the court, that alone will be disposed of, without, however, precluding the defendants from urging any other matter in support of the judgment of the district court, provided it be done during the present term.

On the part of the defendants, it has been contended, that the act imposing an additional duty of one hundred per cent. did not go into operation until the 2d day of July, 1812—that if this interpretation be not adopted, the court will have to decide either that it was in force the whole of the first day of July, although, probably, it was not signed until some late hour of that day, and most likely after the entry of the Lydia's cargo at New-London— or that it will have to ascertain at what particular hour of the day it received the president's sanction, to prevent its operating retrospectively in this case, if the entry in question were precedent in point of time. These difficulties, it is supposed, can be avoided only by rejecting the first day of the month altogether, and by giving the act a commencement only from the day following. To give this law the construction which is set up by the defendants, is asking of the court to exercise a discretion in a case where the words of the law are imperative and admit of no doubt whatever. The additional duties are to take place from and after the passing of the act—that is, from and after the 1st day

of July, 1812. In other words,—if any other words can render the intention of the legislature more evident,—all goods imported on or after that day, are to pay double duties. From the impracticability of deciding at what particular moment of time the president gives his seal to a bill, we have never heard of such inquiry being made, and the least which courts have ever said on such occasions, is, that where an act is to take place from the day of its passing, as is the case here, it must embrace the whole of that day. Here, emphatically, no fractions of a day should be allowed; otherwise the commencement of a law, would in such cases, not be matter of record and uniform, but depend on evidence as to the time of signature, and would vary in different courts, according to the testimony which might be offered, as to that fact.

The suggestions of hardship and retrospection which have been so much pressed, would apply with equal force to every vessel which arrived on the second, third, or fourth of July, as on the morning of the first day of that month; for in none of those cases, would a master arriving from abroad, know of the law —and even where arrivals were much later, the merchant would have the same reason to complain of the ex post facto operation of the law, as the profits of his adventure would have been, no doubt, calculated on the basis of his paying the duties in force at the time of its commencement. This would prove, if any thing, that the government had no right to alter the duties on importations, without a previous notice of sufficient length to enable our merchants to calculate accordingly. But nothing of this kind, it is presumed, would be seriously urged.

Upon the whole then, in a case where no latitude is allowed for construction, and where there is no attempt to punish for an offence, or to exact a forfeiture, which may have been committed, or incurred on the very day of passing a law, the court thinks it best to adhere to the letter of the act of congress, which most manifestly subjects to the additional duty, thereby imposed, all goods imported on the 1st day of July, 1812, without any regard to the time of the day when such importations were made. The judgment of the district court, therefore, must be reversed, and judgment entered for the United States.