## JONES *vs.* SMITH.

28    41
97   799

A trial in the justice court took place on the 27th day of November, 1857, and the party cast filed his petition for *certiorari*, on the 28th of May, 1858.   *Held*, That the *certiorari* was not applied for within six months " from and after the trial," as required by the law.

Certiorari, in Floyd superior court.   Decision by Judge HAMMOND, February Term, 1859.

William R. Smith sued Dudley S. Jones in a justice court on a promissory note, for forty-one dollars and ninety-one cents, dated 18th January, 1850, payable one day after date.   Defendant plead payment and set-off, and offered in evidence a receipt from plaintiff for an order on one Eddleman, for a note on F. C. Brannan, for fifty dollars ; also for a receipt of fifty-one dollars and seventy cents worth of medicine, on L. W. Hicks & Co. ; specifying that said note and medicine were to be held by Smith as collateral security, and applied to the note sued on.

The proof was that Smith received the medicines from Hicks & Co., but that they were unsaleable, and only about three dollars worth had been sold.   The jury, in the justice court upon this testimony, found for the defendant eight dollars and fifty-six cents.   And Smith sued out *certiorari*, to have the verdict set aside, and for a new trial.

At the hearing in the superior court, counsel for Jones moved to dismiss the *certiorari*, on the ground that application therefor was not made within the period allowed and provided by law, and that he had no notice of the same.   The trial in the justice court was 27th November, 1857 ; the petition and affidavit for *certiorari* was filed in the clerk's office 28th May, 1858, and the *certiorari* issued 31st of same month.   The court overruled the motion to dismiss, and sustained the *certiorari*, and ruled a new trial in the justice court, and counsel for Jones excepted.

R. D. HARVEY, for plaintiff in error.

FOUCHE, and PRINTUP, *contra*.

*By the Court.*—LUMPKIN, J., delivering the opinion.

We hold that the court was clearly wrong in deciding that the *certiorari* was applied for within six months "from

and after the trial," as the party is bound by law to do. (Cobb, 528.)

The trial took place on the 27th of November, 1857; and the petition for *certiorari* was filed the 28th of May, 1858. Count the six months as beginning to run the day after the trial, namely, the 28th of November, and the six months would be out at the end of the 27th of May. You cannot, of course, count the 28th of November and the 28th of May; but must include one and exclude the other. But a proper construction of the act would require the count to begin on the 27th of November. "From and after," are the words of the statute.

As to the enumeration of the days of the several months, that is never done, when the count is by months.

Judgment reversed.