James W. English, plaintiff in error, *vs.* James R. D. Ozburn, trustee, defendant in error.

1. A rule *nisi* to foreclose a mortgage on land, was served on the defendant personally, on the 2d of January, 1877, and on the first day of the next term, to-wit: the 2d of April, 1877, the rule was made absolute:

*Held,* that the 2d day of January, the day on which the rule *nisi* was served, should be counted, and counting that day, three months had elapsed before the 2d of April, and the service upon the defendant was sufficient under the 3902d section of the Code.

Practice in the Superior Court. Service. Time: Before Judge Hillyer. Fulton Superior Court. April Term, 1877.

Reported in the opinion.

Abbott & Kendrick, for plaintiff in error.

Collier & Collier, for defendant.

English vs. Ozburn, trustee.

JACKSON, Judge.

A rule *nisi* to foreclose a mortgage on real estate was served on the defendant on the 2d of January, 1877, and the next term of the superior court began on the 2d of April, 1877. The sole question was, had three months expired from the 2d of January to the 2d of April, so as to make the service right under the Code, section 3962, which requires that the service shall be three months, at least, previous to the first day of the next term.

If it were a question of days, the Code, section 4, subsection 8, would decide the question in express terms. That provides that only the first or last day shall be counted; and if the first day be counted, three months would have elapsed from midnight of the 1st of January to the dawn of the 2d of April. The reason and spirit of the act would seem to apply, for each calendar month has so many days, and month, in the Code, means calendar month—Code, section 5.

But the rule to count the first day was distinctly made applicable to months by Judge LUMPKIN, in *Jones vs. Smith*, 28 *Ga.*, 41. That case was on the six months statute within which the writ of *certiorari* should be sued out, and Judge LUMPKIN says there: "But a proper construction of the act would require the count to begin on the 27th of November. 'From and after' are the words of the statute." The 27th of November was the day of the trial. So, in this case, the words are "previous to;" and, if the first day, the day of trial, was counted there as part of the six months, why should not the first day, the day of service, be counted here as part of the three months?

In the case of Pugh *et ux. vs.* the Duke of Leeds, 2 Cowper, 714, Lord Mansfield goes into the whole doctrine of counting or not counting the first day, and comes to the conclusion that the first day will be counted always in private writings, when so counting will effectuate and not destroy the deeds of the parties; that no such technical and foolish distinctions, as between the meaning of "from the

English *vs.* Ozburn, trustee.

date " and " from the day of the date," that had obtained in some of the old cases, should be made, but common sense should be applied to ascertain the intention of the parties, and get at the justice of the case.

And in that case he construed the words, "from the day of the date," to include the day of the date, in counting when the lease should begin. See, also, 1 Chitty's Practice, 766, 775; 2 Do., 69; 9 B. & Cress., 603.

So in this statute, we think that it should be construed so as to carry out the intention of the legislature as gathered from the entire Code, and do justice under the law, fairly construed, to the parties. These authorities last cited, show that where a man is served, the first day ought to be counted because he knows when he is served, and has that day to begin to prepare. From the first of one month to the first of the next month, in common language and common sense, is always one month, and from the second of the month to the second of the next does not vary the length of time—it is a month still. So from the first of January to the first of April is three months, and it can make no difference if the count be from the second or any other day of January to the second or any corresponding day of April. If the party was served on the 2d of January, he was served in contemplation of law—no fraction of a day being counted in such cases—on daylight, daybreak of that day, or rather perhaps on the first minute after 12 o'clock of the night before, and he had three full calendar months up to daybreak of the 2d of April, or the first minute after 12 o'clock of the night before.

So we think that he was served three full months before the 2d of April, the first day of the next term.

It is obvious that the point is purely technical, as one day in three months could make no practical difference in preparing to answer the rule; but as the law gives full three months, we have measured it out in full, as we understand it, to this defendant, and we think that he has had it all. We lay down the easily understood and simple rule, that in

such cases the first day is to be counted, and that always from the first or second, or any other day of a given month, to the corresponding day of any following month, the time will be computed to be fully one, two, or three, or more full months, as the case may be.

So in this case, we hold that the defendant had all of the months of February and March, and thirty days in January, with one day in April, to stand for the 31st of January, making three full months prior to the first day of the next term, and we reverse the judgment to set aside the judgment of foreclosure, and direct that the judgment of foreclosure stand, the defendant having been served in accordance with the law, in the judgment of this court.

Judgment reversed.