Barrett & Carswell *vs.* Devine.

BARRETT & CARSWELL *vs.* DEVINE.

1. A writ of *certiorari* is not "brought," within the meaning of §2920 of the Code until filed in the clerk's office.
2. Where judgment was rendered in a justice court on June 12th, petition for *certiorari* sanctioned on the 7th of the following September, and filed on the 12th, more than three months had elapsed, and the petition should have been dismissed.

*Certiorari.* Statute of limitations. Before Judge BUCHANAN. Campbell Superior Court. February Term, 1878.

Reported in the decision.

THOS. W. LATHAM, for plaintiff in error, cited Code, §2920; Cobb's Dig., 234; 28 *Ga.*, 41; Code, §4057; acts 1858, p. 88; 14 *Ga.*, 122; (on merits of case) Code, §2651; *Jackson vs. Langston & Crane*, this term.

L. S. ROAN, by J. T. GLENN, for defendant, cited Code, §§2950, 4057; 28 *Ga.*, 41; 59 *Ib.*, 392; (on merits of case) 54 *Ga.*, 490; *Austin vs. Ellis & Cox*, last term.

WARNER, Chif Justice.

The plaintiffs sued the defendant in a justice court on a note given for a fertilizer known as the "Carolina." The defendant pleaded that said fertilizer was worthless, and not reasonably suited to the purpose for which it was purchased. On the trial in the justice court, judgment was rendered for the plaintiffs. The defendant sued out a *certiorari* and brought the case before the superior court, which court, after considering the justice's return thereto, sustained the *certiorari* and ordered a new trial, on the ground stated in the order, whereupon the defendant in *certiorari* excepted. When the case was called for a hearing in the court below, the defendant in *certiorari* made a motion to dismiss it on the ground that it was not brought within the time prescribed by law, which motion the court overruled, and the defendant excepted.

The *certiorari* was sanctioned on the 7th of September, 1877, and filed in the clerk's office on the 12th of September, 1877. The case was tried and the judgment rendered in the justice court on the 12th of June, 1877; and the question is, whether the *certiorari* was brought in time? The 2920th section of the Code declares "that all writs of *certiorari* shall be allowed and brought within three months after the rendition of the judgment sought to be reversed." A writ of *certiorari* is merely the judicial means of enforcing a right, and must not only be allowed to be brought by the sanction of the judge, but must actually be brought *within* three months after the rendition of the judgment sought to be reversed. By way of analogy to the commencement of a suit, as provided for by the 3333d section of the Code, the petition for the writ of *certiorari* in this case was brought on the 12th of September, 1877, the day it was filed in the clerk's office. The judgment sought to be reversed was rendered on the 12th of June, 1877. Counting the 12th day of June, the day on which the judgment was rendered, and the three months expired at 12 o'clock at night on the 11th of September, 1877. Therefore the writ of *certiorari* was not brought *within* three months after the rendition of the judgment sought to be reversed, as required by law. See *English vs. Ozburn,* 59 *Ga.,* 392. The refusal to dismiss the *certiorari* was error.

Let the judgment of the court below be reversed.