THE WESTERN AND ATLANTIC RAILROAD vs. CARSON.

1. Where a verdict on an appeal case in a justice's court was rendered October 12th, 1880, and a petition for *certiorari* was filed on January 12th, 1881, it was not in time, and was properly dismissed.
2. It is from the verdict of the jury in appeal cases in a justice's court that a *certiorari* may be taken, not from the judgment which the justice may enter thereon. Therefore, the *certiorari* must be allowed and brought within three months from the date of the verdict; and it is not sufficient that it is within three months from the entry of the judgment by the justice.

April 3, 1883.

Statute of Limitations.   Justice Courts.   *Certiorari.*
Before Judge FAIN.   Bartow Superior Court.   July Term,
1882.

Carson sued the Western and -Atlantic Railroad, in a
justice's court, and the case was appealed to a jury therein.
On October 12th, 1880, a verdict was rendered for the
plaintiff for ten dollars. On October 13th, 1880, judgment
was signed up by the plaintiff's attorneys, upon this ver-
dict.   The defendant, being dissatisfied, petitioned for
and obtained the writ of *certiorari*, which issued January
12th, 1881; and the petition, writ, affidavit, bond, etc.,
were all filed in office on January 12th, 1881.   When the
*certiorari* came on for trial, the defendant therein (plain-
tiff below) moved the court to dismiss the same, on the
ground that it was not brought within three months
from the rendition of the verdict in. the justice's court.
The court sustained this motion, and dismissed the *cer-
tiorari*, and plaintiffs in *certiorari* excepted.

AKIN & AKIN, for plaintiff in error.

J. M. NEEL, for defendant.

JACKSON, Chief Justice.

1. The writ of *certiorari* was not sued out in time, un-
der the ruling in 60 *Ga.*, 632.   In that case, judgment was
rendered on June 12th, and the petition was filed on Sep-
tember 12th.   It was held too late, being not within three
months, the three months expiring at 12 o'clock on the 11th
of September.   In this case, the verdict was returned on
the 12th of October, 1880, and the petition filed on the 12th
of January, 1881.   The cases on the point are identical.
That in the 60th *Ga.*, controls this.

2. But it is said that the judgment was not signed on
the verdict, in the case at bar, until the 13th of October.
That does not alter the case.   The *certiorari* is to correct

the verdict, and from the verdict it carried this case to the superior court. Code, §4157 (j).

The judgment may not have been signed in a month. Shall the party have four months after trial to *certiorari* the case? We think not. But the statute is conclusive. It enacts, in Code, §4157 (j), that " When either party is dissatisfied with the verdict of a jury in any appeal case tried in the justice courts, such party may apply for and obtain a writ of *certiorari*," etc. It is upon the verdict on appeal from the justice of the peace that he applies for the writ of *certiorari*, not upon the judgment of the justice of the peace or any other judgment. The writ was properly dismissed.

Judgment affirmed.