BLITCH *v.* BREWER.                    | 83  333 |
                                       | 97  799 |

Under a statute which declares that all actions upon promissory notes, bills of exchange or simple contracts shall be brought within six years after the same become due and payable, the creditor, as a general rule, has six years exclusive of the day of maturity to bring the action. Hence a promissory note made payable generally on or before the 15th of October, 1880, is not barred on the 15th of October, 1886, but an action brought on the latter day is in time.

July 8, 1889.

Actions. Statute of limitations. Promissory notes. Before Judge ATKINSON. Ware superior court. April term, 1888.

Reported in the decision.

J. S. WILLIAMS & G. J. HOLTON and SON, by brief, for plaintiff.

J. L. SWEAT, S. W. HITCH, L. A. WILSON and E. H. MEYERS, for defendant.

BLECKLEY, Chief Justice.

By statute, the filing of the declaration in the clerk's office is the commencement of action. The declaration was filed October 15th, 1886. The promise in the note declared upon was to pay on or before the 15th of October, 1880. The instrument was an ordinary promissory note, payable generally, not at bank or any other specified place. The action was complaint, the declaration being in the ordinary short form provided for by statute. There was no averment of demand for payment on the date the note became due, nor was there any evidence of such demand submitted to the jury. The statute of limitations being pleaded, the court instructed the jury, in effect, that the action was barred; and adhering to his opinion on this point, the presiding judge refused to grant a new trial. The sole question is, whether he misconstrued or misapplied section 2917 of the code, which reads as follows: "All actions upon promissory notes, bills of exchange or simple contracts in writing, shall be brought within six years after the same become due and payable." The note in this case having become due and payable on the 15th of October, 1880, the precise question, reduced to its lowest terms, is, whether the phrase "within six years after the same become due and payable" is to be construed as inclusive, or exclusive, of that day.

We think there can be no doubt that the legislature intended to give six full years during which the action might be brought. Could it, without demand for payment and refusal, have been brought on the day the note became due? We think not, at least not within

business hours, and surely the statute would not begin to run after such hours until the next day.

"There is strong reason for holding that a party bound to pay has the whole of the day of maturity; and that without demand and refusal, an action cannot be maintained, unless it is brought after sunset, or perhaps after business hours, on that day." 2 Parsons N. & B., 460–1. "We should consider the correct rule to .be, that where the note is payable generally, it is not dishonored until the close of the day, and when payable at bank, not until the close of bank hours." 1 *Ib.* 417. "In the case of ordinary contracts to be performed upon a certain day, they are really solvable within that day; and as the promissor has the whole of the day for their performance, suit cannot be commenced until that day has passed; but when the maker of a note, or the drawer or acceptor of a bill, makes it payable on a day certain, his contract is to pay it on demand on any part of that day, if made within reasonable hours. The protest must be made on that day, which presupposes a default already made; and whether it be the last day of grace, or the day of maturity when there is no grace, it is clear, upon principle, that as soon as payment is refused, the action may be commenced. We are not aware of any decision which determines that the maker may be sued on the day of maturity, if the note is payable without grace, though the affirmative opinion has been expressed; but if payment has been demanded and refused, we should say that the action would lie, for the contract to pay on demand within reasonable hours is then broken, and, in the language of Parsons, "He has declared he will not pay, and can want further delay only to arrange the means of avoiding payment." 2 Daniel Neg. Inst., §§1208–9. "An action should not, however, be begun on a bill or note on the day on which it is made payable, although it has been held that, after an express refusal, suit may be at once begun on that

day. . . . The day of maturity is also to be excluded in reckoning the period for the running of the statute of limitations on a bill or note." 3 Randolph Com. Paper, §1037. " The day of payment is included as the last of the currency of the note or bill, so that a suit begun on that day is premature. For the same reason the statute of limitations does not begin to run until the day after the day of payment." 2 Am. & Eng. Encyc. of L. 396. In Taylor v. Jacoby, 2 Pa. St. 495, s. c. 45 Am. Dec. 615, it was ruled that an action on a promissory note payable one day after date, cannot be maintained until the day after the day of payment, and that the maker was entitled to the whole of the last day to make payment. To the same effect, apparently, as to the first of these propositions, is the case of Raefle v. Moore, 58 Ga. 94. In Meigs v. Frick, 73 Pa. St. 137, s. c. 13 Am. Rep. 731, the statute provided that actions of account should be commenced " within six years next after the cause of such actions, and not after." The last item of an account was dated October 6th, 1862; an action thereon was commenced October 6th, 1868; and it was held that the action was not barred. In Blackman v. Nearing, 43 Conn. 56, s. c. 21 Am. Rep. 634, it was decided that in computing the time of the limitation of an action on a promissory note, the day on which it matures is to be excluded. And in Michigan, in a learned and well-considered opinion by Judge Cooley, it was held, that even upon a judgment an action was well-brought, if within ten years from the date of its rendition, the day of its date being excluded. Warren v. Slade, 23 Mich. 1, s. c. 9 Am. Rep. 70. Possibly this last decision could not be followed in Georgia, since in Barrett v. Devine, 60 Ga. 632, and in W. & A. Railroad v. Carson, 70 Ga. 388, it was held, that where judgment (in the first case, verdict in the second) was rendered on the 12th day of the month, the three months for bringing

*certiorari* thereon had expired before the 12th day of the third month thereafter. We do not consider these two Georgia cases as applicable to the question now before us, for the reason that *certiorari* can be brought upon a judgment or verdict upon the same day of its rendition ; whereas we think that in the absence of an express demand and refusal, no action can be brought upon an ordinary promissory note until the day after its maturity. We will add, also, that it is doubtful whether the rule for computing time for the bringing of *certiorari*, indicated though not distinctly expressed in *Jones* v. *Smith*, 28 *Ga.* 41, would not, if correctly understood and applied in computing months, be consonant to the one laid down in the code, §4, par. 8, for computing days, which is, that only the first or the last day shall be counted, not both days. In *English* v. *Ozburn*, 59 *Ga.* 392, it was held that in computing the three months time for serving a rule *nisi* to foreclose a mortgage, the day of service was to be included. That case is also distinguishable from the one now before us, because the object of service is to enable the party to make preparation for trial, and there is no obstacle to beginning such preparation on the day of service. It may be said too that the rule of the code for counting days, though invoked, was perhaps not very successfully applied, since in computing the time allowed for preparation, both the first and the last were apparently included— neither of them excluded.

Our conclusion is that the action was brought in time ; that it was not barred by the statute of limitations, and that the court erred in charging the jury, and in not granting a new trial. In *Favors* v. *Johnson*, 79 *Ga.* 553, which was the foreclosure of a landlord's lien, there was a demand for payment on the day of maturity, but whether the proceeding to foreclose was rightly commenced on that day after payment was refused was not decided, the question not being made.          *Judgment reversed.*