PETERSON *v.* THE GEORGIA RAILROAD AND BANKING CO.

Following the rule for computing time laid down by this court in the cases of *Jones* v. *Smith*, 28 *Ga.* 41, *English* v.. *Ozburn*, 59 *Ga.* 392, *Barrett* v. *Devine*, 60 *Ga.* 632, and *W. & A. R. R.* v. *Carson*, 70 *Ga.* 388, which rule was discussed and recognized in the case of *Blitch* v. *Brewer*, 83 *Ga.* 333, an action brought on the 24th of October, 1893, for injuries to the person alleged to have been sustained on October 24th, 1891, was barred by the statute of limitations (Code, §3060), and therefore, properly dismissed on demurrer.

February 29, 1896.

Action for damages. Before Judge Eve. City court of Richmond county. February term, 1895.

*Boykin Wright*, for plaintiff.
*Joseph B. & Bryan Cumming*, for defendant.

LUMPKIN, Justice.

The alleged cause of action set forth in the plaintiff's declaration was an injury to his person inflicted on the 24th day of October, 1891. The action was brought on the 24th of October, 1893, and the only question for our determination is, whether or not the plaintiff's right of action is barred by the statute of limitations under section 3060 of the code, which provides that actions for injuries done to the person, excepting injuries to the reputation, shall be brought within two years after the right of action accrues.

This question, if an open one in this State, would not be altogether free from difficulty. But, in principle, it has been definitely settled, we think, by previous adjudications of this court. It is proper to remark, in the first place, that a right of action "accrues" as soon as the party is entitled to apply to the proper tribunal. Angel on Lim. (6th ed.)

§42.   It can scarcely be doubted that the plaintiff in this case might properly have filed his declaration against the defendant on the very day he received the injuries of which he complains.   If, then, the computation of time is to be made from that day, more than two years had elapsed before he filed his action.   In *Jones* v. *Smith*, 28 *Ga.* 43, it was said that, commencing with the 28th of November, six months would be out at the end of the 27th of the following May.   In *English* v. *Ozburn*, 59 *Ga.* 392, it was held that full three months had elapsed from the 2d of January to the 2d of the ensuing April.   A similar ruling was made in *Barrett & Carswell* v. *Devine*, 60 *Ga.* 632, in which it was decided that from June 12th to September 12th, more than three months had elapsed; and this decision is cited approvingly in *W. & A. R. R.* v. *Carson*, 70 *Ga.* 388, in which it was held that the period of time elapsing between October 12th, 1880, and January 12th, 1881, was more than three months.   In all of these cases, save that in the 59th *Ga.*, the question was whether or not a writ of *certiorari* had been sued out in time.   All of them are cited, and the basis of computation employed therein recognized as correct, in *Blitch* v. *Brewer*, 83 *Ga.* 336--337. That case turned upon the proposition that a suit could not be brought upon a promissory note on the day upon which it became due; and Chief Justice Bleckley very clearly points out the distinction between the case then under consideration and those previously decided.   He says, the latter are not "applicable to the question now before us, for the reason that *certiorari* can be brought upon a judgment or verdict upon the same day of its rendition; whereas we think that, in the absence of an express demand and refusal, no action can be brought upon an ordinary promissory note until the day after its maturity."   It would seem, therefore, following the rule above announced, that as the plaintiff had the right to sue on the day he was injured, the computation of time against him should begin on that day.

We are aware that there is a contrariety of opinion in other jurisdictions as to the proper method of computation to be adopted in such cases; but the law for us has been settled. In King v. Aberly, Doug. 463 (cited in §44 of the above edition of Angel on Limitations), the rule was laid down that, "Where the computation of time is to be made from an act done, the day on which such an act is done is to be included." See, also, 13 Am. & Eng. Enc. of Law, p. 72, citing Bank of Hartford Co. v. Watterman, 26 Conn. 324, in which it was held that, "When the injury, however slight, is complete at the time of the act, the statutory period then commences." *Judgment affirmed.*