### 5666. BROWN v. EMERSON BRICK COMPANY.

An action brought on December 29, 1913, for bodily injuries inflicted on the plaintiff on December 29, 1911, was barred by the statute which requires that actions for such injuries shall be brought "within two years after the right of action accrues" (Civil Code of 1910, § 4497). The fact that the 28th day of December, 1913, was Sunday did not render applicable the code provision that "when a number of days is prescribed for the exercise of any privilege, or the discharge of any duty, . . . if the last day shall fall on the Sabbath, another day shall be allowed in the computation" (Civil Code, § 4, par. 8). This provision does not apply where a period of years is so prescribed.

DECIDED OCTOBER 20, 1914.

Action for damages; from city court of Atlanta—Judge H. M. Reid. March 14, 1914.

The action was for injuries from a fall through a hole in the floor of the defendant's building on December 29, 1911. It was filed December 29, 1913. By amendment the petition alleged that the 28th day of December, 1913, was Sunday. It was also alleged that "the accident and injuries herein complained of did not occur and the cause of action herein sued upon did not accrue until after the clerk's office of the superior court . . had closed for that day, and until after the close of business hours on the 29th of December, 1911." The court dismissed the action, on demurrer on the ground that "the cause of action set up in the petition is barred under the statutes of this State."

*Dorsey, Shelton & Dorsey,* for plaintiff.

*Rosser, Brandon, Slaton & Phillips,* for defendant.

WADE, J. 1. "Actions for injuries done to the person shall be brought within two years after the right of action accrues." Civil Code (1910), § 4497. "A right of action for a tort accrues immediately upon the infliction of the injury." *Raleigh R. Co.* v. *W. & A. R. Co.,* 6 *Ga. App.* 616 (65 S. E. 586); Geneva Cooperage Co. *v.* Brown, 124 Ky. 16 (98 S. W. 279, 124 Am. St. R. 388); Benoit *v.* New York Central &c. R. Co., 94 App. Div. 24 (87 N. Y. Supp. 951).

2. "Following the rule for computing time laid down by this court in the cases of *Jones* v. *Smith,* 28 *Ga.* 41, *English* v. *Ozburn,* 59 *Ga.* 392, *Barrett* v. *Devine,* 60 *Ga.* 632, and *W. & A. R. R.* v. *Carson,* 70 *Ga.* 388, which rule was discussed and recognized in the case of *Blitch* v. *Brewer,* 83 *Ga.* 333 [9 S. E. 837], an action brought on the 24th of October, 1893, for injuries to the person alleged to have been sustained on October 24th, 1891, was barred by the statute of limitations (Code [of 1882], § 3060), and therefore properly dismissed on demurrer." *Peterson* v. *Georgia Railroad &c. Co.,* 97 *Ga.* 798 (25 S. E. 370). See also *Jones* v. *Kern,* 101 *Ga.* 309 (28 S. E. 850); *Maxwell* v. *Liverpool Ins. Co.,* 12 *Ga. App.* 127 (76 S. E. 1036).

3. This court has held that the provision of the Penal Code (1910), § 1, par. 8 (Civil Code, § 1, par. 8), that when a "number of days" is prescribed for the exercise of any privilege, or the discharge of any duty, and the last day falls on the Sabbath, "another day shall be allowed in the computation," is not applicable so as to exclude Sundays where the computation is of months or years. *McLendon* v. *State,* 14 *Ga. App.* 274 (80 S. E. 692). A fortiori that provision is not applicable in a civil case involving such computation. See, as to rule for computing days, *Wood* v. *State,* 12 *Ga. App.* 651 (78 S. E. 140); *Hill* v. *State,* 14 *Ga. App.* 410 (81 S. E. 248); and as to difference in method of calculation where time is measured by days or by months and years, *Hammond* v. *Clark,* 136 *Ga.* 313, 322 (71 S. E. 479, 38 L. R. A. (N. S.) 77); Johnson *v.* Myers, 54 Fed. 417 (4 C. C. A. 399); Vailes *v.* Brown, 16 Colo. 462 (27 Pac. 945, 14 L. R. A. 120); Benoit *v.* New York Central &c. R. Co., supra; Geneva Cooperage Co. *v.* Brown, supra.

4. The plaintiff in the present case having suffered injuries to his person on December 29, 1911, his action to recover damages therefor, filed on December 29, 1913, was barred by the statute

above quoted; and this notwithstanding the 28th day of December, 1913, fell on the Sabbath, since the statute (Civil Code (1910)', § 4, par. 8) allowing the addition of another day in the computation applies only where a number of days is prescribed for the exercise of any privilege, and not where a period of months or years is so prescribed. Williams v. Lane, 87 Wis. 152 (58 N. W. 77); Vose v. Kuhn, 45 Misc. 455 (92 N. Y. Supp. 34); Ryer v. Prudential Ins. Co., 185 N. Y. 6 (77 N. E. 727).

5. If there were any conflict in the decisions of the Supreme Court as to the proper computation of time under the provisions of section 4497 of the Civil Code, the question as to the method of computation proper in the case sub judice might be certified to that court, in order that such conflict might be eliminated and the true rule declared; but, notwithstanding the criticism by Chief Justice Simmons in *Rusk* v. *Hill*, 117 *Ga.* 722, 728 (45 S. E. 42), the decision in *Peterson* v. *Georgia Railroad &c. Co.*, supra, has never been overruled or set aside, and appears to be in harmony with all the decisions of that court; and we must accept and follow as a binding precedent the rule there laid down. *Maxwell* v. *Liverpool Ins. Co.*, supra.            *Judgment affirmed. Roan, J., absent.*