*F. W. Flint* and *W. I. Heyward,* for plaintiff.

*R. R. Jackson,* for defendants.

---

## TEXAS COMPANY *v.* DAVIS, agent, etc.

Where years and months are to be computed in this State, the rule that only the first or last day shall be counted does not apply.

(a) Consequently, where a suit was brought under the act of Congress approved February 28, 1920, known as the Federal control act (Fed. Stat. Ann. 1920 Supp. 79), in this State, on February 28, 1922, such suit is barred by the provisions of the act requiring the filing of the suit "not later than two years from the date of the passage of this act."

(b) From February 28, 1920, to February 28, 1922, is more than two years.

No. 3850.  FEBRUARY 14, 1924.

Question certified by Court of Appeals (Case No. 13890).

*J. C. Knox,* for plaintiff.

*Miles W. Lewis* and *R. L. & H. C. Cox,* for defendant.

HILL, J.   The Court of Appeals desires instructions from the Supreme Court upon the following question involved in this case,

to wit: "Is a suit which was filed on February 28, 1922, and which was based on a cause of action 'arising out of the possession, use, or operation by the President of the railroad or system of transportation of any carrier (under the provisions of the Federal control act, or the act of August 29, 1916), of such character as prior to Federal control could have been brought against such carrier,' barred by the provision of section 206 of the act of Congress approved February 28, 1920, known as the 'transportation act of 1920,' requiring the filing of the suit 'not later than two years from the date of the passage of this act,' the suit not being otherwise barred? *Peterson* v. *Georgia R. & Banking Co.,* 97 *Ga.* 798 (25 S. E. 370) ; *Curtis* v. *College Park Lumber Co.,* 145 *Ga.* 601, 602 (89 S. E. 680) ; *Jones* v. *Kern,* 101 *Ga.* 309 (28 S. E. 850) ; *Maxwell* v. *Liverpool Insurance Co.,* 12 *Ga. App.* 127 (3) (76 S. E. 1036) ; *English* v. *Ozburn,* 59 *Ga.* 392; *Jones* v. *Smith,* 28 *Ga.* 41; Taylor *v.* Brown, 147 U. S. 640 (4) (13 Sup. Ct. 549, 37 L. ed. 313) ; Arnold *v.* United States, 9 Cranch (U. S.), 104 (3 L. ed. 671) ; Sohn *v.* Waterson, 17 Wall. (U. S.) 596 (21 L. ed. 737) ; 26 R. C. L. 742; *Rusk* v. *Hill,* 117 *Ga.* 722 (1), 726 (45 S. E. 42) ; 26 R. C. L. 746; Halbert *v.* San Baba Springs Land &c. Asso., 89 Tex. 230 (34 S. W. 639, 49 L. R. A. 193, and notes) ; Lanham *v.* McKeel, 244 U. S. 582 (37 Sup. Ct. 708, 61 L. ed. 1331) ; Menges *v.* Frick, 73 Penn. St. 137 (13 Am. R. 731) ; Budds *v.* Frey, 104 Minn. 481 (117 N. W. 158, 15 Ann. Cas. 24) ; Blackman *v.* Nearing, 43 Conn. 56 (21 Am. R. 634) ; Edmundson *v.* Wragg, 104 Penn. St. 500 (49 Am. R. 590) ; 16 Rose's Notes, 332; **In re** Babjak, 211 Fed. 551, 554."

The question propounded by the Court of Appeals, if an open one, would not be free from doubt or uncertainty, in view of the many conflicting decisions in other jurisdictions on this question. However, the decisions of the Supreme Court of the United States, the Supreme Court of Georgia, and the Court of Appeals of Georgia seem to be harmonious upon this question. In Lanham *v.* McKeel, supra, the Supreme Court of the United States, stated and held as follows: "An order of the secretary of the interior, approving an Indian agent's recommendation that restrictions on alienation be removed from an Indian's allotment, was made on March 26, 'to be effective thirty days from date.' *Held,* that the approval became effective on the 30th day after its date, i. e., on

April 25, and enabled the allottee to make a valid conveyance on that day." In *Peterson* v. *Ga. R. R. & B. Co.*, supra, the Supreme Court of Georgia held: "Following the rule for computing time laid down by this court in the case of *Jones* v. *Smith*, 28 *Ga.* 41; *English* v. *Ozburn*, 59 *Ga.* 392; *Barretl* v. *Devine*, 60 *Ga.* 632; *W. & A. R. R.* v. *Carson*, 70 *Ga.* 388, which rule was discussed and recognized in the case of *Blitch* v. *Brewer*, 83 *Ga.* 333 [9 S. E. 837], an action brought on the 24th of October, 1893, for injuries to the person alleged to have been sustained on October 24, 1891, was barred by the statute of limitations (Code, § 3060), and therefore properly dismissed." In delivering the opinion of the court, Lumpkin, J., said: "This question, if an open one in this State, would not be altogether free from difficulty. But, in principle, it has been definitely settled, we think, by previous adjudications of this court. It is proper to remark, in the first place, that a right of action 'accrues' as soon as the party is entitled to apply to the proper tribunal. Angell on Limitations (6 ed.), § 42. It can scarcely be doubted that the plaintiff in this case might properly have filed his declaration against the defendant on the very day he received the injuries of which he complained. If, then, the computation of time is to be made from that day, more than two years had elapsed before he filed his action. In *Jones* v. *Smith*, 28 *Ga.* 43, it was said that, commencing with the 28th of November, six months would be out at the end of the 27th of the following May. In *English* v. *Ozburn*, 59 *Ga.* 392, it was held that fully three months had elapsed from the 2nd of January to the 2nd of the ensuing April. A similar ruling was made in *Barrett & Carswell* v. *Devine*, 60 *Ga.* 632, in which it was decided that from June 12 to September 12, more than three months had elapsed; and this decision is cited approvingly in *W. & A. R. R.* v. *Carson*, 70 *Ga.* 388, in which it was held that the period of time elapsing between October 12, 1880, and January 12, 1881, was more than three months. In all these cases, save that in the 59 *Ga.*, the question was whether or not a writ of certiorari had been sued out in time. All of them are cited, and the basis of computation employed therein recognized as correct, in *Blitch* v. *Brewer*, 83 *Ga.* 336-337."

In the case of *Rusk* v. *Hill*, supra, it was held: "In computing the ten days within which a bill of exceptions shall be served, the Political Code, § 4, par. 8, to the effect that the first or last day

should be excluded, is applicable. It follows that where a bill of exceptions is certified on the 10th day of the month and is served on the 20th day of the same month, such service is within the ten days prescribed." In the *Rusk* case the court was dealing with *days* and not with *years*, and it was pointed out in *Curtis* v. *College Park Lumber Co.*, supra, that, "In Georgia provision is made by statute whereby, when a number of *days* is prescribed for the exercise of any privilege, or the discharge of any duty, only the first or last day shall be counted. Civil Code, § 4 (8). But this rule does not apply where *years* and *months* are to be computed. See *Peterson* v. *Ga. R. R.*, 97 *Ga.* 798 (25 S. E. 370)." Therefore the decision in the *Rusk* case, considered in the light of the decision in the *Curtis* case, is not in conflict with the ruling in the *Peterson* case. Following the line of decisions of the Supreme Court, the Court of Appeals in the case of *Maxwell* v. *Liverpool & London & Globe Ins. Co.*, supra, held: "Where the uncontroverted evidence shows that the property insured was consumed on the morning of the 24th of January, 1910, the twelve months limitation as to commencement of the action expired at midnight on the 23rd of January, 1911, and, under this stipulation of the contract, the suit on the policy, which was not commenced until January 24, 1911, was barred." It will thus be seen that the three courts quoted from are in harmony upon this question. The difficulty arises in construing the act of Congress approved February 28, 1920, known as the "transportation act of 1920," requiring the filing of suits "not later than two years from the date of the passage of this act," the suit not being otherwise barred. The words "not later than two years," standing alone, might be less free from difficulty than when the whole sentence is considered, for the language requires filing of the suit not later than two years "from" the date of the passage of the act.

There is a very interesting discussion of the use of the word "from," in cases like the present, in a note to Budds *v.* Frey (supra), 15 Ann. Cas. 24, 27, as follows: "Whether the word 'from' is a word of exclusion or inclusion is a much mooted question. Various rules regarding the construction to be put upon the term have been adopted, only to be later discarded and new rules approved. But much of the confusion existing in the cases involving the construction to be placed upon the word in computing time will

be found to be due to the desire of the courts to give due effect to the intention of the parties as expressed in the particular language or phrase used in each case. Generally speaking the word 'from' is a term of exclusion, unless by necessary implication it is manifestly used in a different sense. Neal *v.* St. Louis, etc., R. Co., 71 Ark. 445, 78 S. W. 220; Bradley *v.* Rice, 13 Me. 198, 29 Am. Dec. 501; State *v.* Bushey, 84 Me. 460, 24 Atl. 940; Bigelow *v.* Wilson, 1 Pick. (Mass.) 485. In the case last cited the court said: 'We are warranted by the authorities to say that when time is to be computed from or after the day of a given date, the day is to be excluded in the computation; and that this rule of construction is never to be rejected unless it appears that a different computation was intended. So, also, if we consider the question independent of the authorities, it seems . . impossible to raise a doubt. No moment of time can be said to be after a given day, until that day has expired.' The rule most consonant with justice and common sense, as well as that approved by the more recent decisions, is the one adopted in Pugh *v.* Leeds, 2 Cowp. (Eng.) 714. In that case the question was whether the execution of a lease for twenty-one years, to commence from the day of the date thereof, was a compliance with a power reserved in a marriage settlement to lease for twenty-one years in possession, but not in reversion. The answer to this question depended on whether the phrase, 'to commence from the day of the date,' was to be construed to be exclusive or inclusive of the day of the date of the lease. In rendering the decision Lord Mansfield referred to the following cases: Clayton's Case, 5 Coke (Eng.) 1, wherein the court held that 'from the making' is inclusive, and 'from the day of the making' is exclusive; Barwick's Case, 5 Coke (Eng.) 90, wherein 'from the day of the date' was held to be exclusive, and Cornish *v.* Cawsy, Aleyn (Eng.) 77, Style 118, to the same effect; Osbourn *v.* Rider, Cro. Jac. (Eng.) 135, wherein 'from the date' was held to be inclusive, and different from the term or day of date which was said to be exclusive; Hatter *v.* Ash, 1 Ld. Raym. (Eng.) 84, and a case in 1 Bulst. (Eng.) 177, wherein similar conclusions were reached; Llewelyn *v.* Williams, Cro. Jac. (Eng.) 258, wherein it was held that 'from the date' and 'from the day of the date' mean exactly the same, and are both used exclusive of the day, and Bacon *v.* Waller, 1 Rolle (Eng.), 387, 3 Bulst. 204, to the same effect; and

Seignorett *v.* Noguire, 2 Ld. Raym. (Eng.) 1241, wherein it was agreed that 'from the day of the date' is inclusive.    After an examination and discussion of those decisions Lord Mansfield came to the conclusion that the meaning of the terms 'from the day' and 'from the day of the date' is the same, and that neither of them has an absolute and invariable meaning, but that each phrase is to receive an exclusive or inclusive construction according to the intention with which it is used, to be derived from the context and subject-matter, so as to effectuate and not destroy the deeds of the parties.    From Pugh *v.* Leeds, supra, has been developed the principle applied in numerous decisions, that while the word 'from' is in its general sense a term of exclusion, there is no fixed or hard and fast rule regarding its construction, but that it is to be construed inclusively or exclusively according to the intent of the parties or the tenor of the instrument; or, as the rule has often been expressed, the term 'from' is exclusive unless a different intention is manifested by the instrument under which the question arises."

And on page 29:    "Where an act or a statute is to take effect from, or from and after, its passage, the day of its passage is to be included.    Arnold *v.* U. S., 9 Cranch, 104, 3 U. S. (L. ed.) 671; People *v.* Clark, 1 Cal. 406; Leavenworth Coal Co. *v.* Barber, 47 Kan. 29, 27 Pac. 114; Arrowsmith *v.* Hemmering, 39 Ohio St. 573; In re Welman, 20 Vt. 654, 29 Fed. Cas. No. 17,407.    See also Rickaby *v.* Bell, 25 L. C. Jur. 92; U. S. *v.* Williams, 1 Paine, 261, 28 Fed. Cas. No. 16,723; In re Howes, 21 Vt. 619, 12 Fed. Cas. No. 6,788.    In Mallory v. Hiles, 4 Met. (Ky.) 43, the court said: 'In our opinion, according to the weight of reason and the decided weight of authority, the act in question must be regarded as having been in force during the whole of the day upon which it was approved, in conformity to the general rule that where a computation is to be made from an act done, the day on which the act is done is to be included.'    On the other hand, there is authority to the effect that where a statute provides that it shall take effect 'from and after its passage' or 'publication,' the date of its passage is to be excluded.    This rule is based upon the doctrine that in law a day is deemed to be an indivisible period of time, and that therefore the fraction of a day must be excluded.    Duncan *v.* Cobb, 32 Minn. 460, 21 N. W. 714; Parkinson *v.* Brandenburg, 35 Minn. 294, 28 N. W. 919, 59 Am. Rep.

326. In State *v.* Mounts, 36 W. Va. 190, 14 S. E. 407, it is said: 'The words "from" and "after" may be construed to include or exclude the day of the act, as will best serve to carry out the intention of the legislature, subserve public policy, avoid forfeiture, and validate a proceeding, rather than to annul the same.' Where, however, the statute is to take effect and be in force from and after a certain specified date or day, it has been held that the day specified by the statute must be excluded. Handley *v.* Cunningham, 12 Bush (Ky.), 401, 403; Koltenbrock *v.* Cracraft, 36 Ohio St. 584. See also Lapeyre *v.* U. S., 17 Wall. 191, 198, 21 U. S. (L. ed.) 606; Peebles *v.* Hannaford, 18 Me. 106, 108. Compare Whittaker *v.* Mutual Life Ins. Co., 133 Mo. App. 664, 114 S. W. 53. To the same effect is Sindall *v.* Baltimore, 93 Md. 526, 49 Atl. 645, wherein a statute was to take effect from and after a certain year."

The decision in the Minnesota case itself furnished little aid in the determination of the question propounded by the Court of Appeals, because it was based upon provisions of the Minnesota statute. In 26 R. C. L. 742, § 16, it is said: "Where an act or statute is to take effect from, or from and after, its passage, the day of its passage, according to the weight of authority is to be included. Some of the authorities which hold that such a statute takes effect on the day of its passage take the position that it is to be deemed in force from the earliest moment of that day, and that any inquiry as to the exact hour of its passage is inadmissible. But it would seem wrong in principle that laws designed as rules of conduct should be, by a mere legal fiction, made retroactive, even for a fraction of a day. To avoid this result, the tendency now is to hold that the statute takes effect only from the exact moment of its approval, and that when necessary to determine conflicting rights, courts of justice will inquire as to exact hour of its passage. The objection to this is that while right in theory it is difficult of application in practise. And so the rule supported by the better reason is that where a statute provides that it shall take effect 'from and after its passage' the date of its passage is to be excluded. This rule is based upon the doctrine that in law a day is deemed to be an indivisible period of time, and that therefore the fraction of a day must be excluded. And where the statute is to take effect and be in force from and after

a certain specified date or day, the day specified by the statute must be excluded."

In determining the question before us we think it is proper to consider an act of Congress passed on March 21, 1918 (Fed. Stat. Ann. 1918 Supp. 757), known also as the Federal control act. In section 10 of that act it is provided: "That carriers while under Federal control shall be subject to all laws and liabilities as common carriers, whether arising under State or Federal laws or at common law, except in so far as may be inconsistent with the provisions of this act or any other act applicable to such Federal control or with any order of the President. Actions at law or suits in equity may be brought by and against such carriers, and judgments rendered as now provided by law; and in any action at law or suit in equity against the carrier, no defense shall be made thereto upon the ground that the carrier is an instrumentality or agency of the Federal government. Nor shall any such carrier be entitled to have transferred to a Federal court any action heretofore or hereafter instituted by or against it, which action was not so transferable prior to the Federal control of such carrier; and any action which has heretofore been so transferred because of such Federal control, or of any act of Congress or Federal order or promulgation relating thereto, shall, upon motion of either party, be transferred to the courrt in which it was originally instituted. But no process, mesne or final, shall be levied against any property in such Federal control."

In answering the question propounded by the Court of Appeals we assume that the suit in the present case was brought and could be brought under the Federal control act, a part of which is quoted above, and that the procedure in the State court is in accordance with State law (unless it conflicts with the Federal statute). We are of the opinion, therefore, that the suit in the present case was barred by the provision of section 206 of the act of Congress approved February 28, 1920, known as the transportation act of 1920, requiring the filing of the suit not later than two years from the date of the passage of that act, the suit not being otherwise barred. And this seems to be so by the rule laid down by the Federal court, by the Supreme Court of this State, and by the Court of Appeals. The question propounded by the Court of Appeals, in view of the foregoing, must be answered in the affirmative. *All the Justices concur, except Russell, C. J., dissenting.*