### 15159.   DAVID *v.* MARBUT-WILLIAMS LUMBER CO.

1. It is a condition precedent to a materialman's lien that an action for the recovery of the amount of the claim shall be commenced "within twelve months from the time the same shall become due."
2. Where a materialman brought suit on November 14, 1921, against a contractor and the owner of the real-estate improved, for a personal judgment against the contractor and the foreclosure of a lien against the realty, alleging that the claim for the materials matured in December, 1920, and the jury returned a verdict finding against the contractor "the sum of $1126.80, with interest from November 14, 1920, to date at 7 per cent. per annum, with a lien against the property," a motion by the owner (not a motion for a new trial) "designed to prevent the entering of judgment . . setting up a lien," upon the ground that the finding of the jury as to interest adjudicated the debt to have become due on November 14, 1920, or some day prior thereto, and thus that the filing of the action on November 14, 1921, was not within twelve months from the maturity of the claim, was properly overruled, the plaintiff having written off the interest allowed by the verdict for the period anterior to the *alleged maturity.* It was proper also to overrule a subsequent motion in arrest of judgment, based upon the same ground.   The verdict presumably contained error (if any at all) only in respect to interest.

DECIDED APRIL 23, 1924.

Lien foreclosure; from Fulton superior court—Judge Ellis. November 13, 1923.

*Slaton & Hopkins,* for plaintiff in error.

*George B. Rush,* contra.

BELL, J.  "Before a materialman's lien for materials furnished to a contractor to improve the real estate of another can be foreclosed, there must be a judgment for the price of such materials in his favor, against the contractor, or the contractor must be sued concurrently with the owner of the property improved, in the foreclosure proceedings." *Pike Lumber Co.* v. *Mitchell,* 132 *Ga.* 675, 676 (64 S. E. 998, 26 L. R. A. (N. S.) 409). The materialman in the instant case adopted the "concurrent" proceeding. The petition was filed on November 14, 1921, and alleged, among other things, that it was brought within 12 months from the time the claim for the materials became due,—namely, in the previous December. The owner of the realty answered the suit and denied each of the plaintiff's allegations, except as to her residence and her ownership of the realty. Upon the trial the jury returned a verdict finding for the plaintiff against the contractor "the sum of $1,126.80, with interest from Nov. 14, 1920, to date at 7 per cent. per annum," with a lien therefor against the realty. The owner thereupon filed a motion, described by her counsel as one "designed to prevent the entering of judgment against her setting up a lien," upon the ground that the finding of the jury as to interest adjudicated the debt to have become due on November 14, 1920, or some day prior thereto, and thus that the filing of the action on November 14, 1921, was not within twelve months from the maturity of the claim. The plaintiff wrote off the interest as allowed in the verdict, for the period anterior to the *alleged maturity.* The motion was thereupon overruled. After judgment was entered setting up the lien for the amount of the verdict less the interest written off, the owner moved in arrest of judgment, upon the identical grounds of the previous motion. She brings exceptions to the overruling of both motions.

It is a condition precedent to a materialman's lien that an action for the recovery of the amount of the claim shall be commenced within twelve months from the time the same shall become due. Park's Code, § 3353, subsection 2(a). Compare *Lombard* v. *Trustees,* 73 *Ga.* 322; *Chamlee Lumber Co.* v. *Crichton,* 136 *Ga.* 391

(71 S. E. 673); *Massachusetts Bonding Co.* v. *Realty Trust Co.,* 142 *Ga.* 499, 596 (83 S. E. 210); Civil Code (1910), § 3365.

In computing a period of time, embracing months or years, within which a party may exercise a right, the rule as laid down in the Civil Code, § 4 (8), as to the computation of a number of days, does not apply (*Peterson* v. *Georgia R. Co.,* 97 *Ga.* 798, 25 S. E. 370; *Jones* v. *Kern,* 101 *Ga.* 309 (1), 28 S. E. 850; *Rusk* v. *Hill,* 117 *Ga.* 722 (1), 45 S. E. 42); and in cases of tort both the day of the injury and the day of the filing of the suit must be counted in determining whether the action was filed within the period of limitation. *Peterson* v. *Georgia R. Co.,* supra. See also *Brown* v. *Emerson Brick Co.,* 15 *Ga. App.* 332 (83 S. E. 160); *Texas Co.* v. *Davis,* 157 *Ga.* 538 (122 S. E. 62).

Assuming, without deciding, that in this case, if the claim for materials *in fact* became due on November 14, 1920, that day should be counted in computing the period of limitation, even though the claim was contractual (see *Blitch* v. *Brewer,* 83 *Ga.* 333, 9 S. E. 837; *Hipp* v. *Fidelity Ins. Co.,* 128 *Ga.* 491 (4), 57 S. E. 892, 12 L. R. A. (N. S.) 319; *Curtis* v. *College Park Lumber Co.,* 145 *Ga.* 601 (1) (4), 89 S. E. 860), then the suit filed on November 14, 1921, would not have been brought within time. It would not result, however, that the court committed error in overruling either of the defendant's motions.

Verdicts are to have a reasonable intendment, and are to receive a reasonable construction, and are not to be avoided unless from necessity. Civil Code (1910), § 5927. Verdicts "should be construed so as to stand if practicable." *Mayor &c. of Macon* v. *Harris,* 75 *Ga.* 761 (10). "The presumptions are in favor of the validity of the verdict of a jury." *Southern Railway Co.* v. *Oliver,* 1 *Ga. App.* 734 (5) (58 S. E. 244). Where a verdict is ambiguous and susceptible of two constructions, one of which would uphold it, and one of which would defeat it, it "will not on this account be set aside, but will be given a construction which will uphold it." *Atlantic & Birmingham Ry. Co.* v. *Brown,* 129 *Ga.* 622 (4) (59 S. E. 278). In this case no motion for a new trial was made. The action alleges that it was commenced within time. It is presumed that the court correctly charged the jury that the plaintiff could not have a lien unless this was so, and that the jury would not have rendered the verdict in favor of the lien *at all*

*unless they were satisfied and found it to be true* that the suit was commenced within the prescribed period of twelve months. The verdict necessarily includes such a finding. The presumption thereof, being of the very essence of the verdict in regard to the lien, will prevail over any presumption that might arise from the part as to interest to the effect that the action was not so commenced. Accordingly, the verdict is construed not as finding a different maturity date from that in the petition alleged, but merely as allowing the plaintiff more interest than he was entitled to recover. It must be conceded that the verdict contained error in one respect or the other, *provided* we should count the day of the maturity as a part of the limitation period; but from the proposition that error is never to be presumed, it must follow as a corollary that where an error in a verdict confessedly exists but it is uncertain whether it is such as would be fatal to the finding as a whole, or such as would merely invalidate it as to some dependent part, the lesser error is the one to be presumed, and where the illegal part is definitely ascertainable, the error may be cured by striking off the illegal part. *Huffman* v. *Carolina Portland Cement Co.,* 29 *Ga. App.* 439 (1) (116 S. E. 25). The inconsistency in the verdict should be harmonized or avoided if reasonably possible without destroying the whole. The plaintiff having written off the excess of interest, the judgment thereupon should stand. The verdict will thus be preserved in accordance with its "reasonable intendment."

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*