31391. DOWLING *v.* LESTER.

Decided September 27, 1946.

292

*G. S. Peck,* for plaintiff.

*Neely, Marshall & Greene, W. Neal Baird, Jordan Gardner,* for defendant.

SUTTON, P. J.   (After stating the foregoing facts.)  ■  The plaintiff alleged in her amended petition that, due to the negligence of the defendant, she suffered injuries to her person at about 2 o'clock, p. m., on February 19, 1944, and her action to recover damages therefor was not filed until about 9 o'clock, a. m., on February 19, 1946. "Actions for injuries to the person shall be brought within two years after the right of action accrues." Code, § 3-1004. The word "year," when used in statutes of this State, means a calendar year, unless a different meaning is apparent from the context. Code, § 102-103. "A right of action for a tort accrues immediately upon the infliction of the injury." *Raleigh & Gaston R. Co.* v. *Western & Atlantic R. Co.,* 6 *Ga. App.* 616 (3) (65 S. E. 586). The plaintiff could have filed and maintained her action for damages against the defendant on the same day that she was injured, and the statute of limitations commenced to run in favor of the defendant on that day; for where the computation of time is to be made from an act done, the day on which such act is done is to be included. *Peterson* v. *Georgia R. & Bkg. Co.,* 97 *Ga.* 798 (25 S. E. 370). Also, see *David* v. *Marbut-Williams Lumber Co.,* 32 *Ga. App.* 157; 159 (122 S. E. 906).

Following the rule laid down by the appellate courts of this State, an action brought on February 19, 1946, seeking to recover damages for injuries to the person alleged to have been sustained on February 19, 1944, is barred by the statute of limitations, which requires such actions to be brought within two years after the right of action accrues. *Brown* v. *Emerson Brick Co.,* 15 *Ga. App.* 332 (83 S. E. 160) ; *Jones* v. *Smith,* 28 *Ga.* 41; *English* v. *Ozburn,* 59 *Ga.* 392 ; *Barrett* v. *Devine,* 60 *Ga.* 632; *Western & Atlantic R. Co.* v. *Carson,* 70 *Ga.* 388; *Peterson* v. *Georgia R. & Bkg. Co.,* supra; *Jones* v. *Kern,* 101 *Ga.* 309 (28 S. E. 850) ; *Hammond* v. *Clark,* 136 *Ga.* 313, 322 (71 S. E. 479, 38 L. R. A. (N. S.) 77) ; *Texas*

*Company* v. *Davis,* 157 *Ga.* 538 (122 S. E. 62) ; *Maxwell* v. *Liverpool Ins. Co.,* 12 *Ga. App.* 127 (3) (76 S. E. 1036) ; *Phillips* v. *Fireman's Fund Ins. Co.,* 31 *Ga. App.* 541 (121 S. E. 255).

That the plaintiff was injured at about 2 o'clock p. m., on February 19, 1944, and filed her action to recover damages therefor at about 9 o'clock a. m., on February 19, 1946, would not bring the action within the two-year period of limitation, since no fractions of days are recognized in such a case, and the day of the injury must be counted in determining whether the action was brought within the period of limitation. *Peterson* v. *Ga. R. & Bkg. Co.,* supra; *Brown* v. *Emerson Brick Co.,* supra. Also, see *David* v. *Marbut-Williams Lumber Co.,* supra. Nor does the fact that the petition was prepared for filing and mailed to the clerk of the court on February 18, 1946, with instructions to file it, bring the action within the period of limitation, as the time of the commencement of the suit is the date entered upon the petition by the clerk, where such filing is followed by appropriate service. Code, § 81-112; *George* v. *Gardner,* 49 *Ga.* 441, 449; *Sheffield* v. *Sheffield,* 49 *Ga. App.* 215 (2) (174 S. E. 925) ; *Baxter* v. *Crandall,* 45 *Ga. App.* 125 (2) (163 S. E. 526).

The cases cited and relied on by the plaintiff in error are distinguishable on their facts from the present case and do not authorize or require a different ruling in this case from the one made. In *Peebles* v. *Charleston & Western Carolina Ry. Co.,* 7 *Ga. App.* 279 (66 S. E. 953), this court held that the statutory right of action in favor of a parent for the negligent homicide of a child did not survive to the personal representative of the parent unless the parent had instituted the action prior to his death, and that where the parent died three hours before such action was filed, the action was not pending at the death of the parent and that even if the legal fiction, that a day is an indivisible point of time, was employed it would make the filing of the suit and the death of the parent concurrent and simultaneous and the conclusion would inevitably follow, that the suit was not pending at the death of the parent. In *Blitch* v. *Brewer,* 83 *Ga.* 333 (9 S. E. 837), the action was upon a promissory note due on or before October 15, 1886, and the court held that, since the promisor had the whole of the maturity date in which to pay said note and an action thereon

could not properly be brought until the following day, the statute of limitations did not commence to run until the day following the maturity date of the note; while in the present case, the plaintiff could have maintained her action for damages on the day she was injured, and the statute of limitations commenced to run on that day. In *Rusk* v. *Hill,* 117 *Ga.* 722 (45 S. E. 42), the court was computing time with reference to a number of days, where only the first or last day shall be counted; while, in the present case, the court is dealing with a number of years, where the rule that only the first or last day shall be counted does not apply. *Texas Co.* v. *Davis,* supra. The authorities cited from other jurisdictions must yield to the direct rulings of the appellate courts of this State.

■ As elements of special damage, the plaintiff alleged in her amended petition that immediately after she was injured the defendant told her to see a dentist and have him do all that was necessary and, when the work was completed, present the bill to him as he had insurance to cover such matters; that she went to a dentist, who treated her for her injury over a period of several weeks or months; that this treatment caused one of her sound teeth to become loose and caused her gum to recede and otherwise injured and damaged her teeth and gums and caused her to suffer pain and inconvenience in eating and drinking; that she incurred a bill for $45 for such dental services, which the defendant had refused to pay. The plaintiff in error contends that, even if the cause of action for the injury sustained on February 19, 1944, is barred by the statute of limitations, the petition alleged a cause of action for the resulting injuries to her teeth and mouth caused by the treatment received from the dentist. This contention can not legally be sustained. The cause of action declared on was the breach of duty of the defendant in negligently serving her food with a rock or other hard substance therein on February 19, 1944, which caused her to break or split one of her teeth. All other injuries alleged were those resulting from the original injury or incidental to it in that they were sustained as a part of the medical or dental treatment received for the original injury. Under the facts of this case, the statute of limitations commenced to run from the breach of duty on the part of the defendant in negligently serving the defendant food with a rock or other hard substance

therein, whereby she was injured, and not from the time when the extent of the injury was ascertained. In this connection, see *Gould* v. *Palmer,* 96 *Ga.* 798 (22 S. E. 583).

The trial judge did not err in sustaining the demurrer and in dismissing the petition.

*Judgment affirmed. Felton and Parker, JJ., concur.*