41722. GEORGIA RAILROAD & BANKING COMPANY
v. THIGPEN et al.

DEEN, Judge. 1. Actions for injury to the person shall be brought within two years after the right of action accrues. *Code* § 3-1004. The word "year" means a calendar year (*Code* § 102-103), that is from January 1 to December 31, inclusive. *Carroll v. Wright*, 131 Ga. 728 (5) (63 SE 260). Where the plaintiff's injury occurred November 28, 1962, and the suit was filed November 27, 1964, the action is brought "within two years" regardless of the fact that 1964, being leap year, has 366 days. Since both the first and last days are counted, the following day, November 28, 1965, would have been more than two years (see *Texas Co. v. Davis*, 157 Ga. 538 (122 SE 62)), but November 27, being exactly two years from the date of injury, is "within two years" in the meaning of the statute.

2. Where the plaintiff first alleged that the defendant railroad company "had a standard guage spur railroad track line which ran generally in a northerly and southerly direction in the center of Wayne Street," and thereafter amended the paragraph to read that the defendant "was the lessee of a standard guage spur railroad track line," etc., the capacity in which the defendant is sued is not changed by reason of the showing that the interest which the defendant had in the railroad was a leasehold interest.

3. Although the courts take judicial notice of charters granted

to railroad companies by the Secretary of State (*Atlanta & W.P.R. Co. v. Atlanta B. & R. Co.*, 124 Ga. 125 (1) (52 SE 320)) and of cities through which the roadbeds of such companies run (*Gainesville Midland R. Co. v. Tyner*, 204 Ga. 535, 538 (50 SE2d 108)), the courts cannot take judicial notice contrary to the allegations of pleadings of the type of track (whether a main track or spur track) or of the exact streets within a municipality along which such roadbed is laid. These are matters to be proved by evidence on the trial of the case. The court does not take judicial notice of the location of city streets. *Harmon v. Harmon*, 209 Ga. 474 (2) (74 SE2d 75).

The trial court did not err in overruling the general and special demurrers to the petition as amended.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*

ARGUED JANUARY 6, 1966—DECIDED JANUARY 18, 1966—
REHEARING DENIED FEBRUARY 4, 1966.

*Milton F. Gardner, Erwin Sibley*, for appellant.

*G. Lee Dickens, Jr., Lanier, Powell, Cooper & Cooper, Jack L. Cooper, Gordon R. Lanier, Carlton G. Matthews*, for appellees.