**UNIROYAL, INC., Plaintiff, Appellant,**

v.

**UNIVERSAL TIRE & AUTO SUPPLY CO., d/b/a Universal Tire Co., et al., Defendants, Appellees.**

No. 77–1058.

United States Court of Appeals, First Circuit.

Argued May 3, 1977.

Decided June 20, 1977.

Irving Karg, Boston, Mass., with whom Wasserman & Salter, Boston, Mass., was on brief, for appellant.

Thomas J. Raftery, Boston, Mass., with whom Choate, Hall & Stewart, Boston, Mass., was on brief, for appellees.

Before COFFIN, Chief Judge, CAMPBELL, Circuit Judge, and DOOLING, District Judge.*

LEVIN H. CAMPBELL, Circuit Judge.

The sole issue in this case is whether Uniroyal, Inc. is entitled to be recognized as a lien creditor with respect to the assignees for the benefit of creditors of the debtor, Universal Tire and Auto Supply Co., Inc. It is undisputed that Uniroyal, after entering into a financing agreement with Universal, filed in January 1976, a financing statement with both the Clerk of the City of Boston and the Secretary of the Commonwealth of Massachusetts in attempted compliance with Mass.Gen. Laws ch. 106, § 9–401(1)(c). It believed, not without reason, that Universal's sole place of business in the Commonwealth was in Boston, although in fact Universal's sole place of business was in the Town of Brookline, just over the Boston-Brookline boundary. As it did not file in Brookline, Uniroyal did not perfect its security interest as required by § 9–401(1)(c) which provides for filing

---

* Of the Eastern District of New York, sitting by designation.

"in the office of the state secretary and, in addition, if the debtor has a place of business in only one town of this state, also in the office of the clerk of such town . . .."

The assignment for the benefit of creditors took place in March, 1976.

The district court held, in essence, that because of its error, Uniroyal could not assert the status of a lien creditor as against third parties without actual knowledge of Uniroyal's interest. We affirm.

The material facts are undisputed. Universal's office at 940 Commonwealth Avenue, Brookline, was very near the Boston line. Being served by a Boston post office, and evidently preferring a Boston address, Universal used the address of 940 Commonwealth Avenue, Boston, Massachusetts on its letterhead, billhead, federal and state tax returns, its own checks and on the Certificate of Condition filed annually with the Office of the Secretary of the Commonwealth. Telephone listings in both the white and yellow pages gave a Boston address, although the telephone number had a Brookline exchange. Dun and Bradstreet referred to the company as a Boston firm.

On the other hand, the publication "Massachusetts Corporations Subject to an Excise Tax" dated January 1, 1975 listed Universal as a Brookline corporation and, in September 1968, Universal filed with the Secretary of the Commonwealth pursuant to Mass.Gen. Laws ch. 156B, § 14, a Certificate of Change of Principal Office which placed 940 Commonwealth Avenue both in Brookline and, for post office purposes, in Boston. Universal's insurance company sent bills addressed to Brookline and the Town of Brookline billed the company for water usage.

What emerges from all this is that the debtor gave all but the most avid researcher or local geographer good reason to suppose, incorrectly, that its offices were in Boston. It is understandable that Uniroyal's attorneys would be misled even though, doubtless, had someone recognized the potential trap created by Boston's spilling over into Brookline in this area, he would have been able to discover the right answer by more intensive efforts than might otherwise be normal.

The filing requirements of the Uniform Commercial Code are clear. Under § 9–401(1)(c), "filing in only one of two required places is not effective except as against one with actual knowledge." Comment 5. Uniroyal did not perfect its interest and there is no contention that all creditors represented by the assignees had actual knowledge of Uniroyal's financing agreement with Universal. *See* Mass.Gen. Laws ch. 106, § 9–301(3). *Compare In Re Babcock Box Co.,* 200 F.Supp. 80 (D.Mass.1961). Uniroyal has come up with no workable rationale for judicial balancing of equities here, and the precedent either explicitly or implicitly rejects that approach to enforcing the Code. *See, e.g., P.S. Prod. Corp. v. Equilease Corp.,* 435 F.2d 781 (2d Cir. 1970); *In Re Kalinoski,* 13 U.C.C. Rep. 387 (W.D.Wis. 1973); *In Re Kane,* 1 U.C.C. Rep. 582 (E.D. Pa.1962); *In Re B & B Concrete, Inc.,* 10 U.C.C. Rep. 1282 (Bankruptcy, D.Vt.1971); *In Re Scholl,* 6 U.C.C. Rep. 1116 (Bankruptcy, W.D.Wis.1969); *In Re Golden Kernel, Inc.,* 5 U.C.C. Rep. 43 (Bankruptcy, E.D.Pa. 1968). Efforts by courts to fashion equitable solutions to mitigate the hardship on particular creditors of literal application of statutory filing requirements would have the deleterious effect of undermining the reliance which can be placed upon them. The harm would be more serious than the occasional harshness resulting from strict enforcement.

*Affirmed.*