OPINION OF THE COURT
William J. Regan, S.
The application of the administratrix in the judicial settlement of her accounts requests that the claim on behalf of Michael Curcio be denied. The facts underlying the claim appear to be stipulated by the parties in that the decedent on November 15, 1971 purchased the business and assets of a pharmacy from the claimant, Michael Curcio. Part of the consideration was a promissory note in the amount of $19,600 secured by a security agreement duly filed under the Uniform *23 Commercial Code in the Erie County Clerk’s Office on December 1, 1971, and with the Secretary of the State of New York on December 2, 1971. The Uniform Commercial Code instruments which were filed reflected a maturity date of November 15, 1981 and indicated that the security agreement was to attach to "proceeds”.
The decedent died on March 26, 1975 and left an unpaid balance outstanding of approximately $11,000 on the promissory note. The claimant did not renew his security interests by failing to file renewal certificates as required by subdivision (2) of section 9-403 of the Uniform Commercial Code, which provides that the effectiveness of a filing statement lapses "on the expiration of such five year period * * * unless a continuation statement is filed prior to the lapse.”
The sole question to be decided by this court is whether the estate assets, in the instant case a bank account, are available to the general creditors or whether the claimant, Michael Curcio, is a preferred creditor by virtue of the Uniform Commercial Code filings made on the 1st and 2d of December, 1971. It is the court’s determination that claimant’s failure to continue the security interests subsequent to the five-year period, or December 2, 1976, forfeited his secured and preferred standing and therefore became a general creditor upon the expiration of the original Uniform Commercial Code, which was December 2, 1976.
The accounts of Mary T. Sweeney, administratrix of the estate of Thomas J. Sweeney, are hereby approved, and the application to deny preference of the claimant as a preferred creditor is granted.