In the Matter of SUPER TREADS, INC., Debtor.

**HARRELSON RUBBER COMPANY,**
**Plaintiff,**

v.

**SUPER TREADS, INC., Defendant.**

**Bankruptcy No. 79–01185–Mac.**
**Adversary Proceeding No. 80–0033.**

United States Bankruptcy Court,
M. D. Georgia,
Macon Division.

Sept. 8, 1980.

---

Kaplan & Hershner, P. C., Ward Stone, Jr., Macon, Ga., for plaintiff.

Emmett L. Goodman, Jr., Macon, Ga., for defendant.

## MEMORANDUM DECISION DETERMINING THE PRIORITY OF SECURITY INTERESTS

HENRY D. EVANS, Bankruptcy Judge.

### STATEMENT OF THE CASE

Financing statements claiming interests in the same property were filed by both the plaintiff and the defendant. The defendant initially filed on March 31, 1972. The plaintiff initially filed on January 24, 1974. The defendant filed a continuation statement on March 31, 1977. The plaintiff filed a continuation statement on October 23, 1978.

The sole question before the Court is whether the continuation statement filed by the defendant on March 31, 1977 was timely filed and so maintained the security interest of the defendant. By stipulation of the parties, the Court makes the following:

### FINDINGS OF FACT

1.

Harrelson Rubber Company, plaintiff, is a creditor of the debtor and is a party in interest herein.

2.

Georgia Bank & Trust Company, defendant, is a creditor of the debtor and is a party in interest herein.

3.

A certain security agreement, dated March 30, 1972, from debtor to defendant is genuine.

4.

A certain consumer collateral note, dated February 8, 1979, from debtor to defendant, is genuine.

5.

A certain financing statement, showing Super Treads, Inc. as debtor and Georgia Bank & Trust Company as a secured party, is genuine.

6.

A certain continuation statement, showing Super Treads, Inc. as debtor and Georgia Bank & Trust Company as a secured party, is genuine.

7.

A certain promissory note, from debtor to plaintiff, dated January 10, 1974, is genuine.

8.

A certain security agreement, from debtor to plaintiff, dated January 10, 1974, is genuine.

9.

A certain promissory note, from debtor to plaintiff, dated April 26, 1978, is genuine.

**534**

**10.**

A certain financing statement, showing Super Treads, Inc. as debtor and Harrelson Rubber Company as secured party, is genuine.

**11.**

A certain continuation statement, showing Super Treads, Inc. as debtor and Harrelson Rubber Company as secured party, is genuine.

**12.**

The financing statement was filed for record in the office of the Clerk of the Superior Court of Bibb County, Georgia, at 9:00 a. m. on March 31, 1972.

**13.**

The continuation statement, was filed for record in the office of the Clerk of the Superior Court of Bibb County, Georgia, at 8:45 a. m. on March 31, 1977.

**14.**

The financing statement was filed for record in the office of the Clerk of the Superior Court of Bibb County, Georgia, at 8:45 a. m. on January 24, 1974.

**15.**

The continuation statement was filed for record in the office of the Clerk of the Superior Court of Bibb County, Georgia, at 8:45 a. m. on October 23, 1978.

After careful consideration the Court makes the following:

## CONCLUSIONS OF LAW

The language before this Court for construction is found in Ga.Code Ann. § 109A–9–403(2) and (3):

"(2) Except as provided in subsection (c) a filed financing statement is effective for a period of five years from the date of filing. The effectiveness of a filed financing statement lapses on the expiration of the five-year period unless a continuation statement is filed prior to the lapse. If a security interest perfected by filing exists at the time insolvency proceedings are commenced by or against the debtor, the security interest remains perfected until termination of the insolvency proceedings and thereafter for a period of 60 days or until expiration of the five-year period, whichever occurs later. Upon lapse the security interest becomes unperfected, unless it is perfected without filing. If the security interest becomes unperfected upon lapse, it is deemed to have been unperfected as against a person who became a purchaser or lien creditor before lapse. (3) A continuation statement may be filed by the secured party within six months prior to the expiration of the five-year period specified in subsection (2). Any such continuation statement must be signed by the secured party, identify the original statement by file number and state that the original statement is still effective. If the debtor's residence or principal place of business or the location of the collateral in this State has changed since the original filing so that the office where that filing was made is no longer the proper place to file an original statement under section 109A–9–401(1), then the continuation statement shall be filed in the office where it is then proper to file original statements and shall recite the office where the original statement is filed and its file number in that office. A continuation statement signed by a person other than the secured party of record must be accompanied by a separate written statement of assignment signed by the secured party of record and complying with subsection (2) of 109A–9–405, including payment of the required fee. Upon timely filing of the continuation statement, the effectiveness of the original statement is continued for five years after the last date to which the filing was effective whereupon it lapses in the same manner as provided in subsection (2) unless another continuation statement is filed prior to such lapse. Succeeding continuation statements may be filed in the same manner to continue the effectiveness of the original statement."

The question is: Does the phrase, "five years from the date of filing" include the anniversary date of the filing? If it

does, the defendant's continuation statement is effective and its security interest prevails. If it does not, the defendant's security interest lapsed and the plaintiff's security interest prevails. To quote the Supreme Court of Georgia, "This question, if an open one in this State, would not be altogether free from difficulty." *Peterson v. The Georgia Railroad and Banking Co.*, 97 Ga. 798, 25 S.E. 370 (1895). The Court in *Peterson* went on to find that the statute of limitations on an action which was for two years from the date that the injury was sustained precluded the bringing of an action on October 24, 1893 when the injury was sustained on October 24, 1891. The Court's interpretation of computation of time on the basis of years remains true today. *Texas Company v. Davis*, 157 Ga. 538, 122 S.E. 62 (1923); *Allstate Insurance Co. v. Stephens*, 239 Ga. 717, 238 S.E.2d 382 (1977). That computation seems to depend upon when the benefit or penalty of a particular period starts to run. In notice provisions, it has been held that notice is effective on the day made, for the entire day. *English v. Ozburn*, 59 Ga. 392 (1877). In *Ozburn* a rule nisi was served on January 2nd and the Court went on to hold that three month's notice was complete before the 2nd of April "... or the first minute after 12 o'clock of the night before."

In a case from the Northern District of Georgia it was said:

"Where the computation of time is to be made from an act done, the day on which such act is done is to be included.⁴

*Blue v. Maico*, 217 F.Supp. 747 (N.D.Ga. 1963). The Middle District has also used the same standard for determining a statute of limitations stated in years. *Johansson v. Towson*, 177 F.Supp. 729 at 731 (M.D. Ga.1959). These cases and Ga.Code Ann. § 102–103 defining "year" as a calendar year, make it more than apparent that the five year period in § 109A–9–403 begins on the day of filing (the act done). The time computation would be made from that day and would expire on midnight of the day preceding the anniversary date of the filing. In order to be effective, any continuation statement would have to be filed "within six months prior to the expiration of the five year period ...."

The defendant in the case sub judice filed late and so its security interest lapsed and became subordinated to that of the plaintiff which properly filed its continuation statement within the time specified by the statute.