Davis et al., Appellants, v. Ford Motor Company, Appellee.

(No. C-830377—Decided March 7, 1984.)

Messrs. Dickerson, Ahrens, Cossaboom & Burns and Mr. Stephen M.D. Burns, for appellants.

Messrs. Taft, Stettinius & Hollister and Mr. John J. McCoy, for appellee.

Per Curiam. This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

This timely appeal follows the trial court's granting of appellee's motion for summary judgment. Appellants also filed a motion for summary judgment which the trial court denied.

The record indicates that sometime in 1968, appellee and Tri-State Distributing Corporation (hereinafter "Tri-State") reached an agreement whereby appellee would provide Tri-State with automobile parts which Tri-State would sell to retail outlets. By the terms of the agreement, appellee was required to accept the return of any new, unused or undamaged automobile parts supplied by appellee. Tri-State subsequently changed its name to T.S.D. Corporation (hereinafter "T.S.D."). On August 9, 1976, T.S.D. sold its assets to a newly created Tri-State Distributing Corporation and took back a security interest in the inventory, trade fixtures, accounts receivable and proceeds of the newly created Tri-State Distributing Corporation. For the purposes of this appeal, we are assuming, as did the trial court, that T.S.D. filed a financing statement and a copy of the security agreement to perfect its security interest on October 25, 1976. The security interest was assigned by T.S.D. to appellants, Marjean W. Davis and Richard L. Wenstrup, on December 15, 1976. In August 1979, appellee repurchased certain of its manufactured automobile parts as required in the 1968 agreement with Tri-State. Appellants did not file a continuation statement within five years of the filing date of T.S.D.'s security interest.

The issue in the trial court was which party had a superior interest in the repurchased collateral. The trial court granted appellee's motion for summary judgment, holding that under R.C. 1309.40(B)(1), appellants had lost their priority by failing to file a continuation statement prior to the lapse of T.S.D.'s original filing.

Appellants' sole assignment of error alleges:

"The trial court erred to the prejudice of the plaintiffs when it granted

defendant's motion for summary judgment."

We disagree.

R.C. 1309.40(B)(1)(UCC 9-403[2]) provides in pertinent part:

"Except as provided in divisions (B)(2) and (F) of this section, a filed financing statement is effective for a period of five years from the date of filing. *The effectiveness of a filed financing statement lapses on the expiration of the five-year period unless a continuation statement is filed prior to the lapse.* * * * Upon lapse the security interest becomes unperfected, unless it is perfected without filing. *If a security interest becomes unperfected upon lapse, it is deemed to have been unperfected as against a person who became a purchaser or lien creditor before lapse.*" (Emphasis added.)

The plain language of the statute dictates that because appellants failed to file a continuation statement before October 25, 1981, their security interest became unperfected on that date as to appellee, even though appellee became a purchaser of the collateral before lapse.

The case law construing the Ohio statute and similar statutes in other jurisdictions supports this conclusion. The Court of Appeals for Darke County, construing R.C. 1309.40(B), held that the security interest of a lienholder, who failed to file a continuation statement within the five-year statutory period, lapsed and was defeated by the holder of a conflicting security interest in the same collateral. This was so even though the conflicting security interest was junior to the lienholder's security interest prior to lapse. *Eastern Indiana Production Credit Assn.* v. *Farmers State Bank* (1972), 31 Ohio App. 2d 252 [60 O.O.2d 410].

The Supreme Court of Washington reached a similar conclusion in examining that state's equivalent of R.C. 1309.40. In *General Electric Credit Corp.* v. *Isaacs* (1978), 90 Wash. 2d 234, 581 P.2d 1032, the assignee of a reserve fund, created pursuant to a financing arrangement, had a perfected security interest in the fund at the time notices of several tax liens in favor of the United States were filed. The assignee did not file a timely continuation statement. The Washington Supreme Court held that upon lapse, the tax liens attained priority over the assignee's security interest even though the United States government knew of the security interest at the time the tax notices were filed. The Washington Supreme Court further stated, in *Morse Electro Products Corp.* v. *Beneficial Industrial Loan Co.* (1978), 90 Wash. 2d 195, 200, 579 P.2d 1341, 1343:

"We are convinced that an interest which lapses under RCW 62A.9-403(2) becomes unperfected as against all other interests, including those which were previously junior. * * * Nothing in the statute suggests that it might be unperfected as to some interests and perfected as to others. Such a result would introduce an unnecessary element of uncertainty and confusion into the operation of the code. * * *"

In other jurisdictions which have enacted similar legislation the result is essentially the same. The court in *In re Estate of Sweeney* (1978), 95 Misc. 2d 22, 23, 406 N.Y.Supp. 2d 255, 256, held that the holder of a perfected security interest had "forfeited his secured and preferred standing" by failing to file a continuation statement. In *Stearns Mfg. Co., Inc.* v. *Natl. Bank & Trust Co. of Central Penn.* (Penn. C. P. 1972), 12 U.C.C. Reporting Serv. (Callaghan) 189, the holder of a junior interest, which was obtained prior to the lapse of the filing of a senior security interest, was elevated to priority status over the senior security interest where the holder of the senior security interest failed to file a continuation statement within the

statutory time limit and where the holder of the junior security interest filed such a continuation statement. The result was the same in *Hassell* v. *First Penn. Bank* (1979), 41 N.C. App. 296, 254 S.E.2d 768. In that case, the assignee of the senior security interest was subordinated to a junior security interest because the senior interest holder had not filed a continuation statement within the prescribed statutory time period. The junior security interest holder, who had filed a continuation statement, prevailed even though the senior security interest holder had brought suit to enforce its security interest against the debtor prior to lapse.

It was held in *In re Super Treads, Inc.* (Bankr. Ct. M.D. Ga. 1980), 7 Bankr. 532, that where the senior security interest holder had filed his continuation statement one day late, his security interest lost its priority and was subordinate to a junior security interest which was obtained prior to the lapse of the senior security interest, and for which a continuation statement had been timely filed.

The case law construing R.C. 1309.40(B)(1) and similar statutes, *supra,* and the plain language of R.C. 1309.40(B)(1), dictate the conclusion that because appellants failed to file a continuation statement prior to October 25, 1981, their security interest became unperfected on that date as to appellee, which became a purchaser of the collateral before lapse. We determine that in the matter *sub judice* there was no genuine issue of material fact and appellee was entitled to summary judgment as a matter of law. Appellants' assignment of error is not well-taken and the judgment below is affirmed.

*Judgment affirmed.*

PALMER, P.J., BLACK and DOAN, JJ., concur.