**BOSTWICK–BRAUN COMPANY, Plaintiff,**

v.

**Clifton G. OWENS, Trustee of Jodan's Pro Hardware, and F & M Bank of Slinger, Defendants.**

**Civ. A. No. 85–C–1122.**

United States District Court, E.D. Wisconsin.

May 10, 1986.

Robert F. Johnson, Jerome R. Kerkman, Milwaukee, Wis., for plaintiff.

Clifton G. Owens, Milwaukee, Wis., defendant pro se.

Kevin D. Mathews, Milwaukee, Wis., for defendant F & M Bank.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

The plaintiff Bostwick-Braun Company ("Bostwick-Braun") seeks a declaratory judgment, pursuant to 28 U.S.C. §§ 2201, 2202 and Fed.Rule of Civ.Proc. 57, that it has a security interest in the personal property of a partnership called Jodan's Pro Hardware superior to the security interest of the defendant F & M Bank of Slinger ("F & M") and directing defendant Clifton G. Owens, Trustee in bankruptcy of the partnership, to disburse to plaintiff all proceeds from a sale of the property. Plaintiff is an Ohio corporation whose principal place of business is in Toledo, Ohio. Defendant F & M is a Wisconsin corporation whose principal place of business is in Slinger, Wisconsin. Defendant Trustee Clifton G. Owens is a resident of Wisconsin. The amount in controversy exceeds $10,000 exclusive of costs. This Court has jurisdiction, therefore, pursuant to 28 U.S.C. § 1332(a).

Bostwick-Braun moved for summary judgment in this court on August 28, 1985. That motion is fully briefed and ready for decision. The Court will grant Bostwick-Braun's motion.

## FACTS

On February 21, 1977, F & M Bank of Slinger properly filed at the Secretary of State's office a financing statement covering the personal property of Daniel Nordeen and Joanne Nordeen, partners in Jodan's Pro Hardware. On January 15, 1982, or almost four years and eleven months after filing its original financing statement, F & M filed a another original financing statement covering the same personal property covered in its February 21, 1977, filing. F & M's January 15, 1982, filing did not refer in any way to the prior filing. F & M did not file at any time a document called a continuation statement with respect to its original 1977 filing.

On November 3, 1981, Bostwick-Braun properly filed at the Secretary of State's office a financing statement covering the same personal property of the Jodan Pro Hardware partnership.

On May 7, 1984, the partnership filed for voluntary bankruptcy under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 701 *et seq.* Both F & M and Bostwick-Braun filed claims against the estate as secured creditors.

On August 16, 1984, Trustee Clifton G. Owens notified parties in interest that he intended to pay over to Bostwick-Braun in satisfaction of its claim all the proceeds from a sale of the partnership's personal property. F & M filed an objection to the Trustee's proposal on August 24, 1984. The Trustee deposited proceeds of the sale, approximately $56,000, in a short-term, interest-bearing account pending determination of the two creditors' conflicting claims. Bostwick-Braun's and F & M's claims each exceed the proceeds of the sale.

F & M alleges, and for the purposes of this motion the Court will assume, that Bostwick-Braun had actual knowledge of F & M's prior security interest in the personal property of the debtor partnership.

## LEGAL ANALYSIS

■ While F & M had a perfected security interest in the personal property of the Nordeen partners before February 21, 1982, it allowed that interest to lapse by failing to file a continuation statement pursuant to Wis.Stats. § 409.403(3). F & M's filing on January 15, 1982, of a second original financing statement did not constitute substantial compliance with the statute. Bostwick-Braun's actual and constructive knowledge of F & M's prior security interest does not entitle F & M to equitable relief from the statute's requirements. Finally, Bostwick-Braun had perfected its security interest in the partners' personal property before F & M's interest lapsed, and since Bostwick-Braun's interest remained perfected at the time of the lapse, Bostwick-Braun's interest became senior to F & M's. Bostwick-Braun is, therefore,

entitled to summary judgment on its claim to the proceeds from the sale of the partners' personal property.

Wis.Stats. § 409.403, U.C.C. § 9–403, provides that a security interest may be perfected for a five-year period by the filing of a financing statement and the tender of a filing fee. Section 409.403(2) provides as follows:

[A] filed financing statement is effective for a period of 5 years from the date of filing. The effectiveness of a filed financing statement lapses on the expiration of the 5-year period unless a continuation statement is filed prior to the lapse ... Upon lapse the security interest becomes unperfected, unless it is perfected without filing. If the security interest becomes unperfected upon lapse, it is deemed to have been unperfected as against a person who became a purchaser or lien creditor before lapse.

The original filing can be made effective for additional five-year periods by the filing of a continuation statement. Section 409.403(3) provides as follows:

A continuation statement may be filed by the secured party within 6 months prior to the expiration of the 5-year period specified in sub. (2). Any such continuation statement must be signed by the secured party, identify the original statement by file number and state that the original statement is still effective ...

The statute requires continuation statements to identify a still effective original filing so as to avoid confusion between competing claimants since priority among claims goes to the party who first files an original financing statement. The filing, therefore, of a second financing statement which fails to refer to an effective original filing does not bring a creditor into substantial compliance with § 409.403(3). *In re Hays*, 47 B.R. 546, 549 (Bankr.N.D.Ohio 1985); *Eastern Indiana Production Credit Ass'n v. Farmers State Bank*, 31 Ohio App.2d 252, 387 S.E.2d 824, 11 U.C.C. Rep. Serv. 664, 667 (1972).

█ Any notice of F & M's once perfected security interest Bostwick-Braun may

have had as a junior secured creditor is irrelevant to the effect of F & M's failure to continue its interest. All courts which have decided the issue agree that, since the purpose of statutory filing requirements is, in most instances, to resolve notice disputes consistently and predictably by reference to constructive or statutory notice alone, U.C.C. § 9–403(3) precludes consideration of a junior creditor's actual notice of a now lapsed prior filing by a competing senior creditor. *Frank v. James Talcott, Inc.*, 692 F.2d 734, 739 (11th Cir.1982); *State Sav. Bank v. Onawa State Bank*, 368 N.W.2d 161, 164 (Iowa 1985); *Matter of Reda, Inc.*, 54 B.R. 871, 877–78 (Bankr.N.D.Ill.1985).

F & M complains, understandably, that this result amounts to a windfall for Bostwick-Braun and appeals to the Court's equitable powers to reverse the effect of Wisconsin law. However, because F & M is a party accustomed to dealing with the requirements of commercial law, the Court cannot be as sympathetic to its appeal as it might otherwise be. The Court must be mindful too of interests beyond those represented here.

Efforts by courts to fashion equitable solutions to mitigate the hardship on particular creditors of literal application of statutory filing requirements would have the deleterious effect of undermining the reliance which can be placed upon them. The harm would be more serious than the occasional harshness resulting from strict enforcement.

*Uniroyal, Inc. v. Universal Tire & Auto Supply*, 557 F.2d 22, 23 (1st Cir.1977); *see also Security Nat. Bank v. Dentsply Professional*, 617 P.2d 1340, 1343 (Okla.1980)

█ The fact that F & M's perfected security interest lapsed only affects the priority of F & M's interest with respect to third parties having perfected security interests themselves. F & M challenges Bostwick-Braun's claimed security interest on the basis that the text of the promissory note executed by Joanne and Daniel Nordeen on October 1, 1981, identifies the promissors as "C. DANIEL NORDEEN

and JOANNE NORDEEN, d/b/a JoDan's Pro Hardware." Therefore, argues F & M, the note reflects only individual debt, not debt of the partnership, Jodan's Pro Hardware. F & M cites no authority in support of its argument.

F & M's reading of the October 1, 1981, promissory note is simply mistaken. The note is signed "JoDAN'S PRO HARDWARE By: (signature) C. Daniel Nordeen, Partner and Individually and By: (signature) Joanne Nordeen, Partner and Individually." There can hardly be serious dispute that the promissory note and security agreement on their face evince an intention by the parties to obligate the partnership. F & M has raised neither legal nor factual grounds to rebut such prima facie evidence. The note is, therefore, sufficient evidence of the partnership's debt.

### ORDER

IT IS THEREFORE ORDERED that the motion for summary judgment of plaintiff Bostwick-Braun Company is granted.