**In re QUALITY SEAFOODS, INC., Debtor.**

**Bankruptcy No. 88–40410.**

United States Bankruptcy Court,
D. Massachusetts.

Sept. 14, 1989.

David M. Nickless, Nickless & Phillips, Fitchburg, Mass., trustee.

Horace J. Cammack, Jr., Small Business Admin., Boston, Mass., for SBA.

OPINION

JAMES F. QUEENAN, Jr.,
Bankruptcy Judge.

David M. Nickless (the "Trustee"), the Chapter 7 Trustee of Quality Seafoods, Inc. (the "Debtor"), has objected to the proof of claim filed by the Small Business Administration (the "SBA"). Presented is the question of whether, under § 9–403(2) of the U.C.C., a secured party who files a continuation statement five years and one day after the original financing statement was filed, and who thereafter timely files two additional continuation statements, retains its perfected status. For the reasons set forth below, I hold that such a secured party loses its perfected status.

The facts are undisputed. On January 18, 1973 the Debtor entered into a loan agreement with the SBA, borrowing $250,-000. The Debtor executed a security agreement granting the SBA a security interest in all of its machinery, equipment (including automotive), furniture and fixtures. The SBA duly perfected by filing financing statements in the appropriate offices on January 18, 1973. On January 19,

---

1978, five years and one day later, the SBA filed a continuation statement. Thereafter, it filed two additional continuation statements on January 17, 1983 and December 18, 1987 respectively. The original financing statement has been retained in the filing records.

Mass.Ann.Laws ch. 106, § 9–403(2) (Law. Co-op.1984 & Supp.1986) provides in pertinent part:

> ... [A] filed financing statement is effective for a period of five years from the date of filing. The effectiveness of a filed financing statement lapses on the expiration of the five year period unless a continuation statement is filed prior to the lapse ... *Upon lapse the security interest becomes unperfected, unless it is perfected without filing.* If the security interest becomes unperfected upon lapse, it is deemed to have been unperfected as against a person who became a purchaser or lien creditor before lapse. [Emphasis added]

An original filing can be made effective for additional five year periods by the filing of continuation statements. Section 9–403(3), in relevant part, states:

> A continuation statement may be filed by the secured party within six months prior to the expiration of the five year period specified in subsection (2). Any such continuation statement must be signed by the secured party, identify the original statement by file number and state that the original statement is still effective ... *Upon timely filing of the continuation statement,* the effectiveness of the original statement is continued for five years after the last date to which the filing was effective whereupon it lapses in the same manner as provided in subsection (2) unless another continuation statement is filed prior to such lapse ... [Emphasis added]

The U.C.C. provides only three exceptions to the rule that secured parties must file continuation statements to remain perfected: (1) insolvency proceedings; (2) transmitting utilities, and (3) real estate mortgage constituting a fixture filing. § 9–403(2). None of the exceptions applies

in this case. The Trustee has the avoidance rights of a hypothetical lien creditor that extends credit to the Debtor at the time of the commencement of this bankruptcy case. 11 U.S.C.S. § 544(a) (Law.Co-op.1986 & Supp.1989). If the SBA's security interest is unperfected, the Trustee exercising his lien creditor rights has priority. Mass.Ann.Laws, ch. 106, § 9–301(1)(b) (Law.Co-op.1984 & Supp.1989).

I conclude that the late-filed continuation statement was insufficient to continue the SBA's perfected status. The continuation statements subsequently filed therefore accomplished nothing. Under § 9–403(2) there had been a "lapse" of the "effectiveness" of the financing statement. That point is driven home further in § 9–403(3) which requires a "timely filing" of a continuation statement if it is to continue the "effectiveness" of the original statement.

Nor can the continuation statement of January 19, 1978 be considered a financing statement so as to achieve perfection from that date forward. "A financing statement is sufficient if it ... contains a statement indicating the types, or describing the items, of collateral." Mass. Ann. L. Ch. 106, § 9–402(1) (Law.Co-op.1984 & Supp.1989). The continuation statement merely refers to the financing statement and contains no description of the collateral. True, the financing statement has not been removed from the records. But the continuation statement cannot be regarded as incorporating the financing statement by reference. The word "contains" appearing in § 9–402(1) suggests that the description of the types or items of collateral is to appear on the face of the financing statement rather than through incorporation of a description appearing elsewhere in the records. The U.C.C. filing requirements are intended, moreover, to create a simple notice system. § 9–402, comment 2. This purpose is frustrated if searchers are required to pore through the records in order to piece documents together. The incorporation of lapsed financing statements is also inconsistent with the permission granted to filing officers to remove them from the records. *See,*

§ 9–403(3). At least one other court has rejected the contention that a late-filed continuation statement cannot incorporate a lapsed financing statement which still happens to be in the records. *See In re Wayne's Olive Knoll Farms, Inc.*, 21 U.C. C.Rep.Serv. 1210 (Bankr.E.D.Cal.1976).

The SBA asks the Court to apply traditional equitable principles, stressing the minimal nature of the late filing, the "timely" filing of two later continuation statements and the continued existence of the original financing statement in the records. In this area of the law, however, the desideratum is certainty. In *Uniroyal, Inc. v. Universal Tire & Auto Supply Co.*, 557 F.2d 22 (1st Cir.1977), the debtor's office was located in Brookline, near the Boston line. The debtor nevertheless used a Boston address on its stationery and in the telephone directory. The secured party consequently filed in Boston rather than Brookline. In denying the effectiveness of this filing, the First Circuit made these observations which are equally applicable here:

> Efforts by courts to fashion equitable solutions to mitigate the hardship on particular creditors of literal application of statutory filing requirements would have the deleterious effect of undermining the reliance which can be placed upon them. The harm would be more serious than the occasional harshness resulting from strict enforcement. *Id.* at 23.

It is accordingly,

ORDERED, that the security interest of the SBA is hereby avoided and is preserved for the benefit of the estate under 11 U.S.C. § 551.