**In re GORDON SQUARE PHARMACY, INC. and Coleman Drug, Inc., Debtors.**

**GORDON SQUARE PHARMACY, INC., et al., Plaintiffs,**

v.

**HARRIS WHOLESALE COMPANY, Defendant.**

**Bankruptcy No. B91–14602.**
**Adv. No. B91–1335.**

United States Bankruptcy Court, N.D. Ohio.

Feb. 4, 1992.

David O. Simon, David O. Simon Co., L.P.A., Cleveland, Ohio, for debtors-plaintiffs.

Jeremy Gilman, Benesch, Friedlander, Coplan & Aronoff, Cleveland, Ohio, for defendant.

## MEMORANDUM OF OPINION

DAVID F. SNOW, Bankruptcy Judge.

Debtors are retail drug stores doing business in the Cleveland area. They filed petitions for reorganization under chapter 11 on July 31, 1991. Their cases were consolidated for purposes of administration.

Harris Wholesale Company, the defendant in this proceeding, was Debtors' principal supplier and had provided credit to Debtors secured by security interests in substantially all of the Debtors' assets, which apparently consists of personal property. Debtors filed this adversary proceeding to obtain a declaration that Harris had failed to continue perfection of its security interests in Debtors' property and that such interests were, therefore, invalidated by operation of section 544(a) of the Bankruptcy Code which provides that:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
>
> (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists; ...

The Court has jurisdiction of this core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

The parties agree that the decision in this adversary proceeding turns on whether Harris' security interests were perfected when the case was filed. The parties also agree that the perfection or non-perfection of those security interests is a function of filings made by Harris under the Ohio Uniform Commercial Code. Both parties have filed motions for summary judgment based upon their varying interpretations of applicable UCC provisions.

Section 1309.38(A)(4) of the Ohio Revised Code (UCC § 9–401(1)(c)) requires generally that a financing statement be filed with "the Secretary of State and, in addition, if the debtor has a place of business in only one county of this state, also in the office of the Recorder of such county...." Apparently the Debtors' sole places of business were and are in Cuyahoga County, Ohio and Harris filed financing statements to perfect its security interests with the Recorder for Cuyahoga County on April 28, 1986 and with the Secretary of State on May 2, 1986. Harris filed continuation statements with the Recorder for Cuyahoga County on May 1, 1991 and the Secretary of State on May 2, 1991 to continue the perfection of the 1986 filings pursuant to section 1309.40(C) of the Ohio Revised Code (UCC § 9–403(3)).

Harris admits that its filing with the Recorder for Cuyahoga County was late, but contends that the delay was harmless since its filing with the Secretary of State was timely. Debtors contend that both continuation statements were filed late, but that even if the filing with the Secretary of State was timely, the delay in filing with the Recorder for Cuyahoga County was fatal to the continued perfection of Harris' security interests.

Section 1309.40(B)(1) of the Ohio Revised Code (UCC § 9–403(2)) provides in relevant part that:

> [A] filed financing statement is effective for a period of five years from the date of filing. The effectiveness of a filed financing statement lapses *on the expiration of the five-year period* unless a continuation statement is filed prior to the lapse.

(emphasis added) Harris' continuation statement was filed with the Secretary of State on the fifth anniversary of the filing of its financing statement. Debtors argue that the natural reading of the phrase "on the expiration of the five-year period" resulted in termination of that period on the

preceding day, May 1, 1991, and cites two cases where the courts assumed that this interpretation was correct. *Davis v. Ford Motor Co.*, 14 Ohio App.3d 39, 469 N.E.2d 1022 (1984); *In re Hayes*, 47 B.R. 546 (Bankr.N.D.Ohio 1985). Harris argues, however, that this interpretation of the five-year period is wrong because of the application of section 1.14 of the Ohio Revised Code, which provides that "[t]he time within which an act is required by law to be done shall be computed by excluding the first and including the last day." *See Van Meter v. Segal–Schadel Co.*, 5 Ohio St.2d 185, 214 N.E.2d 664 (1966).

■ This question is governed by Ohio law but there appears to be no Ohio authority, and very little authority elsewhere, directly on point. Neither *Davis* nor *Hayes* considered a continuation statement filed on the fifth anniversary of the filing of the financing statement. Therefore, neither court was constrained to determine, as we are, the exact day on which the five-year period expired. One court which has, *SCT, U.S.A., Inc. v. Mitsui Manufacturers Bank*, 155 Cal.App.3d 1059, 202 Cal.Rptr. 547 (1984), held that the five-year period was to be computed by excluding the day of filing and including the fifth anniversary date of the filing. See also *Heights v. Citizens National Bank*, 463 Pa. 48, 342 A.2d 738 (1975), where the Pennsylvania Supreme Court reached a similar conclusion. Based upon section 1.14 of the Ohio Revised Code this Court also concludes that the five-year period in section 1309.-40(B)(1) should be similarly interpreted and therefore that Harris' continuation statement was timely filed with the Secretary of State of Ohio in order to continue the effectiveness of that financing statement.

■ Even so, Harris' admitted failure to file its continuation statement with the Recorder for Cuyahoga County within the five-year period resulted in the lapse of effectiveness of that financing statement on April 30, 1991. (April 28, 1991 was a Sunday, therefore Harris' last day to file its continuation statement was Monday, April 29, 1991.) Therefore, Debtors' security interests became unperfected on April 30, 1991, unless perfection was preserved by the application of section 1309.38(C) of the Ohio Revised Code (UCC § 9–401(2)). That section provides:

A filing which is made in good faith in an improper place or not in all of the places required by this section is nevertheless effective with regard to any collateral as to which the filing complied with the requirements of this Article and is also effective with regard to collateral covered by the financing statement against any person who has knowledge of the contents of such financing statement.

■ Debtors argue that this section does not apply to late filed continuation statements. But even if it does apply, it provides no help to Harris. The purpose of this section is explained in comment 5 to section 1309.38:

When a secured party has in good faith attempted to comply with the filing requirements but has not done so correctly, division B makes his filing effective insofar as it was proper, and also makes it good for all collateral covered by the financing statement against any person who actually knows the contents of the improperly filed statement.... *[T]he requirements of paragraph (A)(3) are not complied with unless there is filing in both offices specified; filing in only one of two required places is not effective* except as against one with actual knowledge of the contents of the defective financing statement.

(emphasis added) *See Ledford v. Farmers State Bank & Trust Co.*, 53 B.R. 395, 398 (Bankr.S.D.Ohio 1985) ("In cases where dual-filing of financing statements is required, however, the overwhelming weight of authority does not excuse the creditor from filing in both locations"). The first part of the above-quoted language preserves perfection only for collateral where filing in a single office may suffice: e.g. consumer goods or farm products, where only local filing is required.

Harris cannot benefit from the second part of section 1309.38(C) which preserves the effectiveness of a filing as against a

person who has knowledge of the contents of the financing statement. Section 544(a) of the Bankruptcy Code expressly relieves the trustee from the effect of knowledge of any secured creditor's interest. The Debtors, as debtors-in-possession, are beneficiaries of this same status despite their actual knowledge. Bankruptcy Code § 1107. *See also Sanyo Electric, Inc. v. Howard's Appliance Corp.*, 874 F.2d 88 (2d Cir.1989).

■ Harris does not argue that its late filed continuation statement with the county recorder revived its lapsed filing or restored perfection of its security interest and any such argument would appear inconsistent with the Uniform Commercial Code and with the cases. *See In re Quality Seafoods Inc.*, 104 B.R. 560, 561 (Bankr. Mass.1989).

It appears, therefore, that Debtors' security interests were unperfected on the date Debtors' chapter 11 cases were filed and that the Debtors may invalidate them under section 544(a) of the Bankruptcy Code. The Court's order in accordance with this opinion is attached.

## JUDGMENT

The motion for summary judgment of Gordon Square Pharmacy, Inc. and Coleman Drug, Inc., Debtors and plaintiffs in this adversary proceeding, is hereby granted and the motion for summary judgment of Harris Wholesale Company, the defendant in this adversary proceeding, is hereby denied for the reasons set forth in the Court's memorandum of opinion filed contemporaneously herewith. The Court finds that the security interests of Harris Wholesale Company in properties of the Debtors were unperfected and orders that such security interests be and hereby are avoided pursuant to section 544(a) of the Bankruptcy Code.