In re Joseph Allen PRYOR, Karen
Sue Pryor, Debtors.

Josiah L. MASON, Trustee, Plaintiff,

v.

Joseph Allen PRYOR, et al., Defendants.

Bankruptcy No. 96–63018.
Adversary No. 97–6090.

United States Bankruptcy Court,
N.D. Ohio.

Oct. 29, 1997.

Thomas J. Budd, II, Ashland, OH, for Debtors.

Josiah L. Mason, Ashland, OH, Trustee.

Glenn G. Durmann, New Philadelphia, OH, for Muskingum Watershed Conservancy District.

Stephen D. Miles, Dayton, OH, for Associates Financial.

Ramona Francesconi Rogers, Ashland, OH, for Ashland County Treasurer.

## MEMORANDUM OF DECISION

JAMES H. WILLIAMS, Bankruptcy Judge.

Before the Court are cross motions for summary judgment filed by Plaintiff, Josiah L. Mason, the Chapter 7 Trustee (Trustee), and Defendant, Associates Financial Services Corporation (Associates). The Trustee has brought this adversary complaint to determine that Associates does not have a lien on the items of real or personal property which are the subjects of this action. For the reasons stated below, Trustee's motion will be **GRANTED** and Associate's motion will be **DENIED.**

### FACTS

The Trustee and Associates have stipulated to the following facts. The real estate which is the subject of this action is owned in fee simple by Muskingum Watershed Conservancy District (Muskingum). On April 1, 1983, Muskingum granted a cottage site lease on the real property to Anna Margaret Pryor. On March 24, 1986, Anna Margaret Pryor executed an assignment of the cottage site lease to the defendants, Joseph A. Pryor and Karen Sue Pryor (Debtors). On May 2, 1986, Anna Margaret Pryor executed a bill of sale to transfer the residential and appurtenant structures on the leased Land to the Debtors. The cottage site lease gave the Debtors the right to construct and maintain not more than one cottage on the leased premises which the Debtors, did, maintaining a cottage on the leased premises as their residence. Under the terms of the lease, the Debtors agreed to keep the cottage and leasehold interest free from liens except those approved by the Board of Directors of Muskingam.

On January 30, 1996, the Debtors executed and delivered to Associates a loan agreement and real estate mortgage for $67,055.25 at a rate of 13.62% per annum. The mortgage was recorded in Ashland County. The Debtors defaulted on their loan to Associates on March 5, 1996, and have remained in default. There was no UCC–1 financing statement or security agreement signed by the Debtors to Associates or filed with the Ashland County Recorder.

The lease was canceled by the Board of Directors of Muskingum on June 1, 1996. There is a present rent default of $1,571.00, a reinstatement fee owed of $250.00 and unpaid costs for lawn maintenance. The Debtors filed a petition for relief under Chapter 7 of Title 11 of the United States Code on November 13, 1996.

### DISCUSSION

The Court has jurisdiction in this adversary proceeding by virtue of 28 U.S.C. § 1334(b) of the United States Code and General Order No. 84 entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(K). This Memorandum of Decision constitutes the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Standards on summary judgment under Rule 56 of the Federal Rules of Civil Procedure are made applicable to bankruptcy proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Rule 56(c) provided for a grant of summary judgment as follows:

. . . . .

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions

on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The party seeking summary judgment bears the initial burden of asserting that the pleadings depositions, answers to interrogatories, admissions and affidavits establish the absence of a genuine issue of material fact. *Celotex v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir.1989). The ultimate burden of demonstrating the existence of a genuine issue of material fact, however, lies with the nonmoving party. *Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. at 2553. *See also, First National Bank v. Cities Service Co.,* 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968).

> When the moving party has carried its burden under Rule 56(c), its opponent: must do more than simply show that there is some metaphysical doubt as to the material facts.... In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a *genuine issue for trial.*" F.R. Civ. Proc. 56(e) (emphasis added).... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial."

*Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (citations and footnotes omitted).

█ The fact that both parties have filed for summary judgment does not change the standard upon which the Court evaluates the motions. *Taft Broadcasting Co. v. United States,* 929 F.2d 240, 248 (6th Cir.1991); *See also, Natural Resources Defense Council, Inc. v. Vygen Corp.,* 803 F.Supp. 97 (N.D.Ohio 1992). That both parties have filed motions for summary judgment does not mean that there is no factual dispute, because each motion asserts its own legal theories and facts in support of those theories. *Begnaud v. White,* 170 F.2d 323 (6th Cir. 1948); James W. Moore, et al., 6 **Moore's**

**Federal Practice** ¶ 56.13 (2d. ed.1992). The Court will, therefore, consider each motion and its proof accordingly.

The issue before the Court is whether Associates has a valid perfected security interest in the cottage and other structures owned by the Debtors that are located on the real property. If the security interest is not perfected, the Trustee, standing in the shoes of a lien creditor, may avoid the security interest under the "strong-arm" powers of 11 U.S.C. § 544. Ohio law provides that an unperfected security interest is subordinate to the rights of a lien creditor. Ohio Rev. Code § 1309.20.

█ The Trustee correctly asserts that Associates does not have a lien on the real or personal property of the Debtors. With regard to the real property, Associates does not have a lien because the Debtors never owned the property; they are merely lessees. The property is owned in fee simple by Muskingum. Any effort by Associates to place a mortgage or the leasehold interest held by the Debtors was ineffective because of Muskingum's fee simple ownership of the property. Associates, apparently in accord, does not address in its motion the possibility of possessing a lien on the real property. Upon these factors, the Court concludes that Associates does not have a lien on the real property owned in fee simple by Muskingum.

Furthermore, the Trustee asserts in his motion for summary judgment that Associates does not have a lien on the structures located on the property because of the failure of Associates to execute and perfect their security interest through the recording of a financing statement or a security agreement. The Trustee reasons that, according to the terms of the lease and the bill of sale, the cottage and any other structures on the property are the personal property of the Debtors and the proper means by which to perfect a security interest in personal property is through the filing of a UCC–1 financing statement or security agreement with the Ashland County Recorder. Since Associates did not execute or record a financing statement or security agreement, the Trustee urges that Associates does not have a valid

lien on the cottage and other structures located on the property.

Associates, however, contends in its motion for summary judgment that it has a valid security interest in the cottage and other structures located on the property through the mortgage executed by the Debtors and recorded with the Ashland County Recorder. The Debtors received a loan in the amount of $67,055.25 at 13.62% per annum and granted Associates a mortgage in the cottage and other structures located on the property to secure the loan. Associates asserts that the mortgage was the equivalent of a security agreement and sufficiently described the interest conveyed to Associates as "residential and appurtenant structures" located on the property. Ohio Rev.Code § 1309.01(A)(12), § 1309.08.

■ Associate's argument fails because the lease between Muskingum and Anna Margaret Pryor, the assignor of the lease to the Debtors, was canceled by Muskingum on June 1, 1996, before the Debtors filed their petition for relief under Chapter 7 of Title 11 of the United States Code on November 13, 1996. Thus, even if Associates had a security interest which attached to the lease, the lease has been canceled by Muskingum and the security interest of Associates has terminated. The Court concludes that Associates does not have a valid security interest in the cottage or any other appurtenant structures located on the property.

■ Associates also contends that it perfected its security interest in the cottage and other appurtenant structures owned by the Debtors by filing its mortgage with the Ashland County Recorder. Ohio Revised Code § 1309.38(A)(4) designates the proper place for Associates to perfect any security interest in the Debtors' cottage:

> (4) in all other cases, in the office of the secretary of state and, in addition, if the debtor has a place of business in only one county of this state, also in the office of the county recorder of such county, or if the debtor has no place of business in this state, but resides in the state, also in the office of the county recorder of the county in which he resides. O.R.C. 1309.38(A)(4).

Associates, however, only recorded its mortgage with the Ashland County Recorder and not with the office of the Secretary of the State of Ohio Associates contends that its filing with the Ashland County Recorder is sufficient because it served notice to subsequent creditors that the cottage had a prior perfected security interest. Associates cites to Ohio Revised Code § 1309.38(B) to support its position.

> A filing which is made in good faith in an improper place or not in all of the places is nevertheless effective with regard to any collateral as to which the filing complied with the requirements of sections 1309.01 to 1309.50 of the Revised Code, and is also effective with regard to collateral covered by the financing statement against any person who has knowledge of the contents of such financing statement.

O.R.C. § 1309.38(B).

■ Associates, however, cannot benefit from this section which preserves the effectiveness of a filing as against a person who has knowledge of the contents of the financing statement. Section 544(a) of Title 11 of the United States Code expressly relieves the Chapter 7 Trustee from the effect of knowledge of any secured creditor's interest. *Gordon Square Pharmacy, Inc. v. Harris Wholesale Company (In re Gordon Square Pharmacy, Inc.),* 138 B.R. 533, 535–36 (Bankr.N.D.Ohio 1992). Associates contends that its filing with only the Ashland County Recorder and not also with the office of the Secretary of the State of Ohio has not harmed subsequent creditors. Associates, however, has ignored the Chapter 7 Trustee. By statute, a Trustee in bankruptcy is not one "actual knowledge", and in fact his powers are granted "without regard to any knowledge of the Trustee or of any creditor." 11 U.S.C. § 544(a). Furthermore, in cases where dual filing of financing statements is required, the overwhelming weight of authority does not excuse the creditor from filing in both locations. *Ledford v. Farmers State Bank & Trust Co. (In the Matter of Reier),* 53 B.R. 395, 398 (Bankr.S.D.Ohio 1985).

■ Lastly, Associates has argued that equity compels this Court to grant summary

judgment in its favor. However, because Associates is a party accustomed to dealing with the requirements of commercial law, the Court cannot be sympathetic to this argument. The Court must be mindful of interests beyond those represented here. "Efforts by courts to fashion equitable solutions to mitigate the hardship on particular creditors of literal applications of statutory filing requirements would have the detrimental effect of undermining the reliance placed upon them." *Bostwick–Braun Co. v. Owens,* 634 F.Supp. 839, 841 (E.D.Wis.1986). The harm would be more serious than the occasional harshness resulting from strict enforcement. *Uniroyal, Inc. v. Universal Tire & Auto Supply Co.,* 557 F.2d 22, 23 (1st Cir.1977).

### *CONCLUSION*

With respect to Associates' motion, putting the evidence in the light most favorable to the Trustee, the Court finds that Associates has failed to meet its burden. Accordingly, Associate's motion for summary judgment must be **DENIED**. Summary judgment must be granted in favor of the Trustee. The uncontroverted facts demonstrate that the security interest of Associates in the cottage and other structures of the Debtors has been terminated, is unperfected, and is, therefore, subordinated to that of the Trustee pursuant to 11 U.S.C. § 544(a). Accordingly, the Trustee's motion for summary judgment is **GRANTED**.