**BANK OF HOLDEN, Appellant,**

v.

**BANK OF WARRENSBURG, Respondent.**

**No. WD 57405.**

Missouri Court of Appeals, Western District.

April 18, 2000.

Robert E. Harris, Warrensburg, for appellant.

Robert W. Russell, Sedalia, for respondent.

Before: Presiding Judge SPINDEN, Judge LOWENSTEIN and Judge ULRICH

HAROLD L. LOWENSTEIN, Judge.

This appeal involves two separate security interests, one held by the Bank of Holden and the other by the Bank of Warrensburg, in the same cattle. At issue is the timeliness of the Bank of Warrensburg's filing to perfect its security interest in the cattle. The question boils down to whether or not § 1.040, RSMo.1994[1], Missouri's time computation statute, applies to the Uniform Commercial Code as adopted in this state.

## I. FACTS

The facts in this case are uncontested. Charles and Kathy Wall (the "Borrowers") secured a loan from the Bank of Warrensburg ("Warrensburg") on January 30, 1992. As security for that loan, Borrowers pledged their interest in cattle they owned. To perfect their security interest in the Borrowers' cattle, Warrensburg filed, with the recorder of deeds, a financing statement. This filing was made. on January 30, 1992. The bank filed a continuation of their original financing statement on January 30, 1997. It is the 'effectiveness of this continuation statement which is at issue.

The Bank of Holden ("Holden") made a loan to Borrowers on December 1, 1993. The Borrowers pledged as security for the Holden loan the same cattle pledged for the Warrensburg loan. Holden filed, with the recorder of deeds, a financing statement to perfect its interest in Borrowers' cattle on December 1, 1993, and again on September 19, 1996, to secure another loan it made to Borrowers.

Eventually, Borrowers filed for bankruptcy and defaulted on all their loans. The two banks obtained possession of Borrowers' cattle and sold the animals for $10,092.88. By agreement between the banks, the sale money is being held in escrow pending a resolution of the dispute.

Holden filed this action for declaratory judgment requesting the court declare its security interest in the cattle had priority over Warrensburg's security interest. Holden claimed that Warrensburg lost priority by failing to timely file its January 30, 1997, continuation statement. The trial court entered judgment in favor of Warrensburg holding that Warrensburg's January 30, 1997, continuation statement filing was within the five-year period required by statute, and Warrensburg therefore retained its priority interest in Borrowers' cattle.

Holden's assertion here is that the trial court erred in ruling that Warrensburg

1. All further statutory references are to the Revised Statutes of Missouri, 1994.

timely filed its continuation statement. Holden asserts that by § 400.9–403, *infra,* Warrensburg should have filed its continuation statement no later than January 29, 1997, in order to retain priority. Since Warrensburg failed to do so, its priority lapsed, and Holden's interim filing on September 19, 1996, resulted in its priority over Warrensburg's interest in the cattle.

## II. Standard of Review

The standard of review in a judge-tried civil case is governed by *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). Under that review, as applicable here, this court will not overturn the trial court's ruling unless the ruling erroneously declares the law, or it erroneously applies the law. *Id.* at 32.

## III. Analysis

Under § 400.9–403.2, a financing statement is effective for a period of five years from the date of filing. "The effectiveness of a filed financing statement lapses on the expiration of the five-year period, unless a continuation statement is filed prior to the lapse." According to § 400.9–403.4, "[a] continuation statement may be filed by the secured party within six months prior to the expiration of the five-year period."

As detailed above, Warrensburg filed its original financing statement on January 30, 1992. Holden filed its financing statement on September 19, 1996. Warrensburg filed the pivotal continuation of its financing statement on January 30, 1997. Since Holden filed between Warrensburg's original filing and its continuation, Holden would establish a first priority interest in the cattle if Warrensburg did not timely file its continuation statement. This is so because an ineffective renewal loses priority to an intervening filing. The question is whether or not Warrensburg's January 30, 1997, continuation statement filing effectively prevented Warrensburg's priority security interest from lapsing.

At issue is how to calculate the "five-year period" for purposes of Warrens-

burg's financing statement effectiveness. In order for its continuation statement to effectively prevent its priority interest from lapsing, Warrensburg must have filed within the six months *prior to the expiration of the five-year period.* The question is when the five-year period expired. Holden asserts the five-year period expired January 29, 1997. Warrensburg contends the five-year period expired January 30, 1997.

The parties arrive at different expiration dates due to their application of § 1.040, Missouri's time computation statute. Statute 1.040 reads, "[t]he time within which an act is to be done shall be computed by excluding the first day and including the last. If the last day is Sunday it shall be excluded." Warrensburg contends § 1.040 is applicable to § 400.9–403 and results in a January 30 expiration date. This is so because under § 1.040, the date of filing, January 30, 1992, would not be included in calculating the five-year period. *See Brickell v. Hopwood,* 729 S.W.2d 241, 242 (Mo. App.1987) (Triggering event occurred January 27, 1976, and ten year statute of limitation applied. Under § 1.040, the last day on which to file petition was January 27, 1986). Holden asserts § 1.040 is inapplicable to § 400.9–403 and therefore, the expiration date was January 29. Holden reaches this date by including the day of filing, January 30, 1992, in the five-year computation.

No Missouri court has taken up the issue of whether or nor § 1.040 applies to the Uniform Commercial Code (UCC) as adopted in this state. This court first notes the general applicability of § 1.040. In *St. Louis v. Bambrick,* 41 Mo.App. 648 (1890), the court construed the predecessor to § 1.040 and held, "this statute is intended to furnish a general rule, plain and comprehensible, for the computation of the time mentioned in *all statutes.*" (Emphasis added). The title to the statutory chapter in which § 1.040 is found is "Laws in Force and Construction of Stat-

utes." *Friends of the City Market v. Old Town Redevelopment Corp.,* 714 S.W.2d 569, 574 (Mo.App.1986). This again indicates a general applicability. From the face of things, there seems no reason why § 1.040 would not apply to § 400.9–403, as it applies generally to all Missouri statutes.

With no guidance under the UCC as adopted, and with no common law directly on point, this court finds it necessary to look to the decisions of other courts. In *In re Gordon Square Pharmacy, Inc.,* 138 B.R. 533 (Bankr.N.D.Ohio, 1992), the U.S. Bankruptcy Court for the Northern District of Ohio took up the issue of when the "five-year" period expired considering Ohio's time computation statute. Ohio's computation statute reads, "[t]he time within which an act is required by law to be done shall be computed by excluding the first and including the last day." This language is nearly identical to Missouri's § 1.040. The bankruptcy court determined that under Ohio's law, a continuation filed May 2, 1991, for a financing statement filed May 2, 1986, was timely. By the reasoning of that court, applying § 1.040 in the case at bar, Warrensburg's January 30 continuation statement filing would be timely.

In *SCT, U.S.A., Inc. v. Mitsui Manufacturers Bank,* 155 Cal.App.3d 1059, 202 Cal. Rptr. 547 (1984), the California Court of Appeals applied that state's civil code to the computation of the five-year period for financing statement effectiveness. The civil code required, "[t]he time in which any act provided by law is to be done is computed by excluding the first day, and including the last..." The court held that a continuation statement filed January 25, 1982, timely prevented the lapse of a financing statement filed January 25, 1977. That court's application of its state computation statute also supports the application of § 1.040 in the case at bar and the timeliness of Warrensburg's January 30 continuation statement filing. For other cases applying the applicable state time computation statute to the UCC, see:

*Heights v. Citizens National Bank,* 463 Pa. 48, 342 A.2d 738 (1975); *Matter of Super Treads, Inc.,* 7 B.R. 532 (Bankr. M.D.Ga.1980).

Holden cites to several cases that it claims hold the last day on which to file a continuation statement is the day prior to the fifth anniversary date of the filing, here January 29. This court finds none of these cases to be persuasive. *In re Carmack,* 84 B.R. 625 (Bankr.W.D.Mo., 1988) has been reversed. Another case in fact applies Georgia's time computation statute to the U.C.C. (*Super Treads,* 7 B.R. at 535), however, a different expiration date was reached because Georgia's computation law required the *inclusion* of the first day, rather than its exclusion as under Missouri law. Also cited by Holden was *Kubota Tractor Corp. v. Citizens and Southern National Bank,* 198 Ga.App. 830, 403 S.E.2d 218 (1991). However, this case does not support Holden's position as it again applies Georgia's computation law which is directly in opposition to Missouri's time statute. These two cases in fact work against Holden's position that § 1.040 is inapplicable as they both apply their state time computation statute. In *Davis v. Ford Motor Co.,* 14 Ohio App.3d 39, 469 N.E.2d 1022 (1984), the court did not have to determine "the exact day on which the five-year period expired" and so is inapplicable. *Gordon Square,* 138 B.R. at 535. Four other cases cited by Holden, *In re Hilyard Drilling Co., Inc.,* 840 F.2d 596 (8ᵗʰ Cir.1988), *U.S. v. Central Livestock Corp.,* 616 F.Supp. 629 (D.C.Kan.1985), *In re Davison,* 29 B.R. 987 (Bankr.W.D.Mo. 1983), and *Banque Worms v. Davis Construction Co., Inc.,* 831 S.W.2d 921 (Ky. App.1992) do not deal with the issue of whether a state's time computation statute applies to the UCC and are therefore inapplicable to this matter. Despite a valiant effort, Holden has cited no authority which supports its claim that Missouri's time computation statute should not apply to the UCC as adopted in this state.

■ The trial court's ruling that § 1.040 is applicable to the UCC as adopted in the state of Missouri was not in error. Section 1.040 does apply to measure the computation of time under the UCC. Under § 1.040, the "five-year" effectiveness of Warrensburg's financing statement filed January 30, 1992, ran through January 30, 1997. Warrensburg's continuation statement filing on January 30, 1997, effectively prevented its priority interest in Borrowers' cattle from lapsing. Therefore, as first priority security holder, Warrensburg was entitled to the proceeds from the sale of the cattle. Affirmed.

All Concur.